DARRELL P. COLLINS, Plaintiff-Appellant, v. JEAN C. SULLIVAN, as Adm'r of the Estate of Martin R. Sullivan, Deceased, *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—95—1981

Opinion filed April 14, 1997.

Robert W. Karr & Associates, Ltd., of Chicago (David A. Novelselsky and Margarita T. Kulys, of counsel), for appellant.

Fedota & Rocca (Mark C. Fedota, John D. Kuhn, and Mark J. Smith, of counsel), and Rooks, Pitts & Poust (Thomas R. Hill, of counsel), both of Chicago, for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Darrell Collins, brought a medical negligence action against Martin R. Sullivan, M.D., and Reconstructive Surgery, Ltd. The complaint alleged that as a result of Dr. Sullivan's negligent treatment, plaintiff endured pain, suffering, disability, substantial disfigurement, dysfunctional sexuality, and severe emotional distress, as well as monetary damages.

Defendants moved for summary judgment on the ground that plaintiff's action was time barred by the four-year statute of repose contained in section 13—212 of the Illinois Code of Civil Procedure (735 ILCS 5/13—212 (West 1994)). The trial court granted partial summary judgment, finding that plaintiff's claims arising out of Dr. Sullivan's negligence prior to 1988 were barred. Plaintiff appeals, raising the following issue: whether the trial court erred in granting summary judgment in favor of defendants and against plaintiff.

On February 13, 1965, plaintiff began to see Dr. Sullivan for the medical and surgical treatment for the conditions of hypospadias (a developmental anomaly in which the male urethra opens on the underside of the penis) and chordee (curvature of the penis). Plaintiff remained in Dr. Sullivan's care until December 11, 1991. During that time, Dr. Sullivan performed the following surgeries on plaintiff:

| 7/7/66 | Age 4 | Excision of chordee |
| 7/13/67 | Age 5 | Urethroplasty with construction of urethra |
| 6/21/68 | Age 6 | Perineal Urethrostomy and Urethroplasty |
| 4/1/68 | Age 7 | Urethroplasty (secondary) |
| 11/6/70 | Age 8 | Repair of urethral fistula |
| 8/31/71 | Age 9 | Repair of urethral fistula |
| 7/27/72 | Age 10 | Urethrostomy (third stage) |
| 4/11/74 | Age 12 | Closure of fistula |
| 9/6/74 | Age 12 | Circumcision |
| 3/23/78 | Age 16 | Repair tip hypospadias |
| 2/21/80 | Age 18 | Repair fistula |
| 7/6/91 | Age 29 | Closure of three fistulous tracts of penis and excision of redundant tissue at penoscrotal margin. |

On August 12, 1992, plaintiff filed a complaint against Dr. Sullivan and Reconstructive Surgery, Ltd., an Illinois professional corporation, for rendering negligent care and treatment to plaintiff while he was under Dr. Sullivan's care. An amended complaint was subsequently filed substituting Jean C. Sullivan, as administrator of the estate of Martin R. Sullivan, M.D.

■ Defendants filed a motion to strike the first-amended complaint, arguing that plaintiff's claim was barred by the statute of repose (735 ILCS 5/13—212 (West 1994)). The relevant portion of section 13—212 provides that "no action for damages for injury or death against any physician *** shall *** be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13—212(a) (West 1994). On November 16, 1994, the trial court denied defendants' motion without prejudice.

On December 2, 1994, defendants filed a motion to reconsider and motion for summary judgment in the alternative pursuant to section 2—1005 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1005 (West 1994)).

On April 10, 1995, the trial court granted defendants' motion for summary judgment without prejudice as to plaintiff's claims arising before 1988.

Plaintiff filed a motion to reconsider the ruling on motion for summary judgment and a motion pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). On May 10, 1995, the trial court denied plaintiff's motion to reconsider and granted plaintiff's motion pursuant to Supreme Court Rule 304(a), finding that there was no just rea-

son to delay enforcement or appeal of the order of April 10, 1995, granting summary judgment in favor of defendants. Plaintiff filed timely notice of appeal on June 2, 1995.

■ We are asked to consider whether the trial court erred in granting summary judgment in favor of defendants and against plaintiff. In doing so, we must determine whether plaintiff has established an ongoing course of continuous negligent medical treatment by Dr. Sullivan. In *Cunningham v. Huffman*, 154 Ill. 2d 398, 609 N.E.2d 321 (1993), the Illinois Supreme Court held that a plaintiff is not barred by the statute of repose if he can demonstrate that there was an ongoing course of continuous negligent medical treatment. *Cunningham*, 154 Ill. 2d at 406, 609 N.E.2d at 325. "To prevail under this cause of action a plaintiff must demonstrate: (1) that there was a continuous and unbroken course of negligent treatment, and (2) that the treatment was so related as to constitute one continuing wrong." (Emphasis omitted.) *Cunningham*, 154 Ill. 2d at 406, 609 N.E.2d at 325. Once a physician's treatment is discontinued, however, the statute of repose begins to run. *Cunningham*, 154 Ill. 2d at 406, 609 N.E.2d at 325.

■ Plaintiff insists that there was a continuous course of negligent treatment for plaintiff's condition since the "act or omission" of Dr. Sullivan was the failure to surgically correct and properly treat plaintiff's condition. Plaintiff claims that his injury was the cumulative result of the continuous negligence of Dr. Sullivan in performing 12 surgeries on plaintiff's penis over the course of 24 years. Plaintiff never saw Dr. Sullivan for any other condition nor did plaintiff obtain treatment or advice from any other physician for his condition. The last surgery was performed on July 6, 1991; thus, plaintiff claims that the statute of repose did not start to run until July 1991, the last date of Dr. Sullivan's negligent treatment.

We are unconvinced that Dr. Sullivan's treatment was continuous where almost nine years passed between plaintiff's 1982 and 1991 treatments. We find that the treatment rendered by Dr. Sullivan in 1991 must be considered subsequent to, rather than part of, any earlier continuous and unbroken course of treatment. To accept plaintiff's argument would nullify the purpose of section 13—212 and conflict with the legislature's goal of producing finality to the exposure of medical providers to suit. We reject plaintiff's position that the 1991 services of Dr. Sullivan revived a cause of action that was effectively barred by the statute of repose in 1986, four years after the 1982 treatment.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County granting summary judgment in defendants' favor.

Affirmed.

CAMPBELL, P.J., and O'BRIEN, J., concur.