8 November 1999

NO. 4-98-0927

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

 

KRISTI A. JONES and GEORGE JONES, ) Appeal from

Plaintiffs-Appellees, ) Circuit Court of

v. ) Coles County

MARK DETTRO, M.D., ) No. 98L2

Defendant-Appellant, )

and ) Honorable

FAMILY PRACTICE CENTER, ) Paul C. Komada,

Defendant. ) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

On April 22, 1999, the supreme court entered a supervisory order directing this court to vacate the denial of the petition for leave to appeal, to allow the appeal, and to address the certified questions.  Pursuant to that mandate, we address the three certified questions.  Defendant Mark Dettro, M.D., appeals pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  Plaintiffs, Kristi A. Jones and George Jones, brought this medical malpractice action to recover damages for the alleged negligent failure of defendant to diagnose and treat Kritsti's lymphoma.  Defendant's motion for summary judgment raised the questions of whether the plaintiffs' actions were barred by the limitations and repose periods set forth in section 13-212(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13-212(a) (West 1996)).  The complaint, filed January 6, 1998, alleged Kristi first complained to defendant of the lump in her groin on January 2, 1991; she had a three- or four-year history of swollen glands or cyst formations; and because she followed and relied on defendant's advice, she was unaware of the existence of the cause of action until "on or after" January 11, 1996.  

Pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)), the trial court identified the following questions of law to which substantial grounds for difference of opinion existed and the determination of which would materially advance the ultimate determination of this litigation:

"(a) Is the Plaintiff's failure to keep medical appointments with the Defendant physician and with referred specialists admissible on the issue of whether the treatment provided was continuous and unbroken, or does such conduct only relate to Plaintiff's contributory negligence?

(b) Must Plaintiff come forward with some evidence from an opinion witness to show that the allegedly continuous and unbroken course of treatment was also negligent?

(c) Are the matters alleged in paragraphs 3 and 6 of Plaintiff's supplemental Affidavit specific enough as to date and occurrence described to constitute admissible evidence, and to create a question of fact[?]"

We answer these questions as follows: (a) yes, it is also admissible on the question of whether the treatment was continuous; (b) yes; and (c) yes.

Concerning question (a), subject to an exception for fraudulent concealment (735 ILCS 5/13-215 (West 1996)), no action for damages for injury against a physician may:

"be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury *** for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury."  735 ILCS 5/13-

212(a) (West 1996).  

The term "occurrence" is not limited to a single event, and the plaintiff may recover if she demonstrates (1) a continuous course of 
negligent
 treatment occurred and (2) the treatment was so related as to constitute one continuing wrong.  A continuous course of 
negligent
 treatment must take place, as opposed to a mere continuous course of treatment.  
Cunningham v. Huffman
, 154 Ill. 2d 398, 405-07, 609 N.E.2d 321, 325 (1993).  The continuous-course-of-

negligent-treatment rule extends the statute of limitations or tolls the running of the statute of repose.  
Hertel v. Sullivan
, 261 Ill. App. 3d 156, 161, 633 N.E.2d 36, 39 (1994).  Once a physician's treatment is discontinued, the statutory period begins to run.  
Cunningham
, 154 Ill. 2d at 406, 609 N.E.2d at 325; 
Collins v. Sullivan
, 287 Ill. App. 3d 999, 1002, 679 N.E.2d 423, 424 (1997).  

In 
Collins
, treatment was not deemed continuous where nine years passed between plaintiff's 1982 and 1991 treatments.  
Collins
, 287 Ill. App. 3d at 1002, 679 N.E.2d at 425.  In 
Flynn v. Szwed
, 224 Ill. App. 3d 107, 115, 586 N.E.2d 539, 545 (1991), a year-long course of treatment, followed by a 15-month gap, two weeks of treatment, and a 12-month gap did not constitute continuous treatment sufficient to toll the limitations period.  Intermittent or occasional medical services at substantial intervals do not satisfy the continuous treatment doctrine.  
Flynn
, 224 Ill. App. 3d at 115, 586 N.E.2d at 545, citing 
Aznel v. Gasso
, 154 Ill. App. 3d 785, 788, 507 N.E.2d 83, 86 (1987).  Moreover, a misdiagnosis is not "by its very nature" a continuous act.  
Flynn
, 224 Ill. App. 3d at 115, 586 N.E.2d at 545.  As a result, the failure to keep appointments is admissible and relevant to whether the course of treatment was continuous.  

We next turn to question (b).  As noted, plaintiffs must establish a continuous course of negligent treatment by defendant.  Generally, the questions of the timeliness of plaintiffs' complaint and the time the statute of limitations begins to run are questions of fact, but they may become questions of law if the crucial facts are undisputed and only one conclusion can be drawn from the undisputed facts.  
Golla v. General Motors Corp.
, 167 Ill. 2d 353, 358-59, 657 N.E.2d 894, 897 (1995); 
Federal Signal Corp. v. Thorn Automated Systems, Inc.
, 295 Ill. App. 3d 762, 767, 693 N.E.2d 418, 421 (1998).  Plaintiffs have the burden of proving the existence of facts that would call into play a rule tolling the period of limitation or repose.  See 
Koelle v. Zwiren
, 284 Ill. App. 3d 778, 786, 672 N.E.2d 868, 874 (1996) (plaintiff had the burden of showing that the discovery rule applied).

"In a medical malpractice case, Illinois law mandates a plaintiff prove (1) the proper standard of care by which to measure the defendant's conduct, (2) a negligent breach of the standard of care, and (3) resulting injury proximately caused by the defendant's lack of skill or care.  
Gorman v. Shu-Fang Chen, M.D., Ltd.
, 231 Ill. App. 3d 982, 986, 596 N.E.2d 1350, 1353 (1992).  Necessary to the establishment of a 
prima
 
facie
 case of medical negligence is the presentation of expert testimony to establish the applicable standard of care, a deviation from the standard, and the resulting injury to the plaintiff.  
Addison v. Whittenberg
, 124 Ill. 2d 287, 297, 529 N.E.2d 552, 556 (1988)."  
Higgens v. House
, 288 Ill. App. 3d 543, 546, 680 N.E.2d 1089, 1092 (1997).

An exception to the general rule that expert testimony is required in medical malpractice cases is recognized where the conduct is so grossly negligent or the treatment so common that a layperson may understand the conduct without the need for an expert to establish the standard of care and its breach.  
Prairie v. University of Chicago Hospitals
, 298 Ill. App. 3d 316, 321, 698 N.E.2d 611, 615 (1998).  In addition, expert testimony may not be required to prove negligence in medical malpractice cases when the negligence is not an implicit part of the medical procedure.  
Prairie
, 298 Ill. App. 3d at 323, 698 N.E.2d at 616.  Moreover, even when an expert is required to establish the standard of care, plaintiff may rely on the testimony of the defendant practitioner to establish the standard of care.  
Prairie
, 298 Ill. App. 3d at 327, 698 N.E.2d at 618.  

In the case at bar, plaintiffs conceded at oral argument that the answer to this question is yes.  We agree with and accept the concession and decline to discuss the sufficiency of any documents in the record to fulfill this requirement.

As to question (c), defendant argues that paragraphs 3 and 6 of Kristi's supplemental affidavit are not sufficiently particular statements of fact, but are conclusions not admissible in evidence.  Paragraph 3 states:

"Sometime between January 2, 1991 and August 28, 1992, Dr. Dettro prescribed a Sulfa drug (it smelled like rotten eggs) for my reported groin lumps.  I don't recall whether it was a sample or a prescription from a pharmacy."

Paragraph 6 states:

"From January 2, 1991 to May 11, 1994, I discussed lumps with Dr. Dettro progressing from lumps in one groin, to lumps in both groins, to lumps in my groins and neck, to lumps in my groins, neck, and on my face."

Plaintiffs argue these paragraphs should be considered in light of the statements made in Kristi's original affidavit.  However, Kristi's original affidavit is not more specific about the events referred to in paragraphs 3 and 6 of the supplemental affidavit.

Supreme Court Rule 191(a) states in relevant part:

"Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; 
shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based
; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; 
shall not consist of conclusions but of facts admissible in evidence
; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." (Emphasis added.)  145 Ill. 2d R. 191(a).

Affidavits offered in support of or opposition to a motion for summary judgment must not contain conclusions, but evidentiary facts to which the affiant is capable of testifying.  
Webber v. Armstrong World Industries, Inc.
, 235 Ill. App. 3d 790, 797, 601 N.E.2d 286, 291 (1992).  Unsupported assertions, opinions, and self-serving or conclusory statements do not comply with Rule 191(a).  
Larson v. Decatur Memorial Hospital
, 236 Ill. App. 3d 796, 801-02, 602 N.E.2d 864, 868-69 (1992).

In 
Webber
, this court deemed insufficient an affidavit that stated plaintiff was exposed to asbestos dust from defendant's products and contracted asbestosis as a result.  In 
Webber
, the affidavit did not provide specific places of employment where plaintiff was exposed to asbestos, specific sites where plaintiff and affiant were both employed, or locations where defendants' products were allegedly used.  In 
Webber
, the conclusory nature of the statements contained in the affidavit rendered it insufficient.

In the case at bar, plaintiffs attempt to avoid the application of the repose and limitations periods by Kristi stating that sometime during an approximately 20-month period in 1991 and 1992 she was once prescribed a medication and during a three-year period from 1991 to 1994 she discussed lumps with defendant.  As to the statement about the prescription in paragraph 3 of the supplemental affidavit, Kristi could certainly testify to that fact, although her credibility could be attacked based on her inability to recall precise dates and other details.  Importantly, paragraph 3 of Kristi's supplemental affidavit does somewhat refute defendant's affidavit as to the dates of treatment.  Defendant states he prescribed medication for Kristi's upper respiratory infection on January 2, 1991.  After January 2, 1991, he occasionally saw Kristi or talked to her on the telephone about her children's care or her complaints unrelated to the lumps.  According to defendant, he did not see Kristi for the lumps between January 2, 1991, and August 28, 1992.  She stated he did provide her with some medication for that condition sometime during that time period.

Kristi's statement in paragraph 6 of the supplemental affidavit that she discussed lumps with the defendant complied with Rule 191(a).  It is inappropriate at this juncture for this court to discuss whether plaintiffs can lay a proper foundation for the admissibility of this evidence or whether a question of fact remains because it does not in any way refute defendant's affidavit that set forth the specific dates defendant saw Kristi about the lumps or discussed them with her. 

For the foregoing reasons, the certified questions are answered as follows:  (a) the failure to keep medical appointments with a physician and referred specialists is admissible on the question of whether the treatment provided was continuous; (b) in this medical malpractice action, plaintiffs must produce expert opinion testimony to establish a continuous course of 
negligent
 treatment existed; and (c) paragraphs 3 and 6 of Kristi's supplemental affidavit were sufficient to satisfy Supreme Court Rule 191(a).  The cause is remanded to the circuit court of Coles County for further proceedings.

Certified questions answered and remanded.

STEIGMANN and GARMAN, JJ., concur.