### In re MUTUAL LIFE INSURANCE COMPANY OF NEW YORK PREMIUM LITIGATION

William J. McLean, Naomi Driscoll and Roger K. Brown and Thomas C. Brown, Trustees of the Richard L. Brown Irrevocable Trust No. 2, Dtd 3/17/90, individually and on behalf of all others similarly situated, Plaintiffs

v.

Mutual Life Insurance Co. of New York F/K/A Mutual Life Insurance Company of New York, Defendant.

No. CIV.A.96–10411–EFH.

United States District Court, D. Massachusetts.

Jan. 27, 2004.

Barry A. Weprin, Milberg, Weiss, Bershad Specthrie & Lerach, New York, NY, Kenneth G. Gilman, Gilman and Pastor, LLP, Peter A. Lagorio, Gilman and Pastor, LLP, Saugus, MA, Richard T. Phillips, Smith, Phillips, Mitchell, Scott & Rutherford, Batesville, MS, for William J. McLean, Individually and on behalf of all others Similarly Situated, Plaintiff.

Daniel J. Gleason, Nutter, McClennen & Fish, LLP, Glenn E. Deegan, Holland & Knight, LLP, John A. Sten, Greenberg Traurig, LLP, Kathryn K. Conde, Nutter, McClennen & Fish, LLP, Boston, MA, for Mutual Life Insurance Co. of New York, Defendant.

David Pastor, Gilman and Pastor, LLP, Saugus, MA, Douglas M. Brooks, Martland & Brooks, LLP, Saugus, MA, for Naomi Driscoll, Roger K. Brown, Thomas C. Brown.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

Now pending is a motion by the Defendant MONY Life Insurance Company ("MONY") for reconsideration of this Court's Memorandum and Order dated November 17, 2003. *See In re Mut. Life Ins. Co. of N.Y. Premium Litig.*, 295 F.Supp.2d 140 (D.Mass.2003). The motion challenges only that portion of the order that denied MONY's motion for summary judgment as to two Illinois residents, Roger Brown and Thomas Brown, who are acting in their capacity as trustees for the Richard L. Brown Irrevocable Trust Number 2 ("the Browns"). MONY alternatively seeks certification for interlocutory appeal. After careful review, the Court grants MONY's motion for reconsideration, but concludes, as it did in the earlier Memorandum and Order, that summary judgment as to the Browns should be denied. The Court, however, certifies an interlocutory appeal.

### I. *The Statute of Limitations Issue*

The only issue for reconsideration is whether the statute of limitations precludes the Browns from bringing their claim under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 Ill. Comp. Stat. 505/1 ("ICFA"). The ICFA contains a three-year statute of limitations. Pursuant to the Illinois "discovery rule," the statute of limitations begins to run "when the plaintiff knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Bradley v. Alpine Constr. Co.*, 224 Ill.App.3d 432, 166 Ill.Dec. 695, 586 N.E.2d 653, 655 (1991); *see also* 815 ILCS § 505/10a(e). The Browns claim that a reasonable person should have known of the injury in 1995 when MONY sent the Browns a letter informing them that additional premiums were required for at least sixteen more years. MONY responds that the alleged injury should have become apparent when the Browns purchased the policy in 1990 or, alternatively, in 1992 when a MONY agent told the Browns that "things hadn't gone as well as expected," and an additional three years of premiums were required.

This Court's November 17, 2003 Memorandum and Order ruled in favor of the Browns. *See In re Mut. Life Ins. Co. of N.Y. Premium Litig.*, 295 F.Supp.2d at 147–148. The Court reasoned that the nature of the Browns' allegations, as well as the large discrepancies between the 1992

and 1995 demands for additional payments, meant that a reasonable person should have known that he was wrongfully injured in 1995. *See id.* Upon reconsideration, this Court concludes that the question of when a reasonable person should have known of his injury is a matter best left for the jury to decide. Under Illinois law, the time at which a party knew or should have known of his injury is ordinarily a question of fact for the jury. *See Jackson Jordan, Inc. v. Leydig, Voit & Mayer,* 158 Ill.2d 240, 198 Ill.Dec. 786, 633 N.E.2d 627, 631 (1994). The matter becomes a question of law for the court when "only one conclusion can be drawn from the undisputed facts." *Jones v. Dettro,* 308 Ill.App.3d 494, 241 Ill.Dec. 888, 720 N.E.2d 343, 346 (1999) (citing *Golla v. Gen. Motors Corp.,* 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 897 (1995)); *see also Swann & Weiskopf. Ltd. v. Meed Assocs., Inc.,* 304 Ill.App.3d 970, 238 Ill.Dec. 292, 711 N.E.2d 395, 399 (1999) (stating that "summary judgment should be granted only … if two conditions are met: the facts known by the plaintiff are not in dispute, and only one conclusion can be drawn from them." (citation and internal quotation marks omitted)).

For the reasons stated in the November 17, 2003 Memorandum and Order, this Court considers it highly likely that a reasonable jury would conclude that the statute of limitations began to run in 1995. *See In re Mut. Life Ins. Co. of N.Y. Premium Litig.,* 295 F.Supp.2d at 147–148. Nevertheless, this Court recognizes that reasonable minds could differ on this point. MONY's motion for summary judgment as to the Browns is therefore denied and the question of when the Browns should have known of their injury, and hence when the statute of limitations began to run, is a question reserved for the jury at trial.

MONY argues that recent First Circuit precedent and an alleged factual error in the November 17, 2003 Memorandum and Order require this Court to grant summary judgment in its favor. Neither argument has merit. *In re New England Life Insurance Co. Sales Practices Litigation,* 346 F.3d 218, 221 (1st Cir.2003), was a "vanishing premium" case in which the First Circuit affirmed a district court's ruling that, under Kansas law, a plaintiff should have known of his injury when it received written notice that premiums would be due for three additional years. This holding did not, as MONY suggests, create a blanket rule for all vanishing premium cases. It would be highly unusual for a federal appeals court to have created a blanket rule on a subject that state law generally considers highly factual. In addition, the present case differs from *New England Life* in an important respect. As explained in this Court's November 17, 2003 Memorandum and Order, the Browns' complaint does not simply allege that the premiums failed to vanish at a certain date, as did the plaintiffs in *New England Life. See In re Mut. Life Ins. Co. of N.Y. Premium Litig.,* 295 F.Supp.2d at 146–147. In contrast, the Browns' complaint alleges that MONY's sales agent misrepresented the likelihood that dividends would decrease. The Browns also allege that the illustrations used by the agent were fraudulent because they were artificially enhanced by a variety of manipulative accounting practices. It stands to reason that if the Browns' complaint alleges different injuries than those in *New England Life,* then the First Circuit's holding as to when those injuries should have been known is not necessarily dispositive of the issues present here.

Lastly, MONY argues that the November 17, 2003 Memorandum and Order was factually incorrect when it stated that Richard Brown testified at his deposition

that three additional payments of $16,000 each were demanded by MONY in 1992.[1] *See In re Mut. Life Ins., Co. of N.Y. Premium Litig.*, 295 F.Supp.2d at 142–143. MONY has submitted a document with its motion for reconsideration that shows the three additional payments amounted to $43,466 each. This document was not presented to the Court as part of the eighteen exhibits MONY submitted with its motion for summary judgment, or the seven exhibits it submitted with its reply to the defendants' opposition. Such an omission is fatal to a motion for reconsideration. *See Zhang v. Immigration and Naturalization Serv.*, 348 F.3d 289, 293 (1st Cir.2003) (stating that "[t]he purpose of a motion to reconsider is not to raise new facts"); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997) (stating that a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment"). If MONY wished to submit documentary evidence regarding the exact value of the three additional payments, the time to do so was prior to this Court's original ruling.

Even if considered, the new document does not advance MONY's position. When compared to Richard Brown's deposition testimony, the new document merely establishes that the evidence is, at best, unclear, and at worst, contradictory. These circumstances obviously favor a denial of summary judgment. *See Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 18 (1st Cir.1999) (stating that summary judgment is not available if there is a "genuine issue as to any material fact"). It is also worth mentioning that even if there was no factual conflict, and the true figure was $43,466, a reasonable jury could still find in favor of the Browns on the statute of limitations question. Payments of $18,477 annually over sixteen years total more than twice as much as payments of $43,466 over three years. As explained in this Court's November 17, 2003 Memorandum and Order, a significant difference in cost and duration could, in view of the Browns' unique allegations, permit a reasonable jury to conclude that the Browns should not have been aware of their injury until 1995. *See In re Mut. Life Ins. Co. of N.Y. Premium Litig.*, 295 F.Supp.2d at 147–148.

## II. *The Interlocutory Appeal Issue*

A district court may certify an issue for interlocutory appeal when there is "a controlling question of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal ... may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In this case, the controlling question of law is whether reasonable minds could differ in determining when the Browns should have known of their injuries. If reasonable minds could differ, then Illinois law clearly treats the statute of limitations issue as a matter for the jury. *See Jackson Jordan, Inc.*, 198 Ill. Dec. 786, 633 N.E.2d at 631. If reasonable minds could not differ, then the matter is for the court. *See Jones*, 241 Ill.Dec. 888, 720 N.E.2d at 346. In light of the Browns' allegations and the facts presented on summary judgment, this Court believes reasonable minds could differ. Furthermore, this Court concludes that the First

---

**1.** At Brown's 1996 deposition he was asked "what is the current projection of years during which the—for which the trust will have to pay additional premiums?" Over objection by counsel, Brown answered, "I believe there is one more 40 some thousand dollar premium and then I believe there are 3 or 4 $16,000 premiums."

8

Circuit's holding in *New England Life* does not create a blanket rule in all vanishing premium cases, but is rather a recognition that dismissal was appropriate in one particular case. *New England Life*, however, does not expressly qualify its holding in this manner. The Court therefore believes that *New England Life* provides a sufficient basis for there to be a difference of opinion on whether reasonable minds may differ regarding when the Browns should have known of their alleged injury.

In addition, the resolution of the statute of limitations issue could materially advance the ultimate termination not only of this litigation, but potentially other cases as well. The present action is part of a Multi–District Litigation ("MDL") order. More than a dozen class and individual actions are part of this MDL order; many contain statute of limitations questions similar to those present here. The Court is cognizant that interlocutory appeals "should be used sparingly and only in exceptional circumstances." *McGillicuddy v. Clements,* 746 F.2d 76, 76 n. 1 (1st Cir.1984). This case, however, presents a rare instance when an interlocutory appeal in one case may result in the expeditious resolution of many others. The Court therefore certifies the statute of limitations question for interlocutory appeal.

SO ORDERED.