2024 IL App (1st) 230417-U

No. 1-23-0417

Order filed March 22, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KIRK HILD, as Special Administrator of the ESTATE OF DEAN HILD, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | 2022 L 006190 |
| | ) | Honorable |
| LAKESHORE INFECTIOUS DISEASE ASSOCIATES, LTD., and JAMES SULLIVAN, M.D., | ) ) ) ) | Kathy M. Flanagan, Judge presiding. |
| Defendant-Appellant. | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The statute of repose for malpractice lawsuits against medical professionals barred Dean Hild from bringing his July 12, 2022 suit against defendants.

¶ 2    Plaintiff Kirk Hild, as administrator of Dean Hild's estate, appeals the dismissal of Dean Hild's complaint against defendants Lakeshore Infectious Disease Associates, LTD., and James Sullivan, M.D. Plaintiff alleged that defendants were negligent in treating his Cushing syndrome. The issue on appeal is whether the trial court erred in dismissing the case as time-barred. For the reasons below, we affirm.

¶ 3                                BACKGROUND

¶ 4     In 1988, Dean Hild was diagnosed as HIV-positive. As part of his treatment for his HIV infection, Hild was prescribed Norvir. Nearly 30 years later, in October 2017, Hild visited Head & Neck and Cosmetic Surgery Associates, Ltd., also known as Chicago ENT. Chicago ENT required Hild to fill out several documents, including a form asking about current medications. Hild left this section blank but provided an after-visit summary that listed his current medications. Dr. Adam Levy, an otolaryngologist with Chicago ENT, prescribed Hild fluticasone, a corticosteroid nasal spray used to treat asthma and allergy symptoms. Three weeks later, in early November, Hild was seen by another physician at Chicago ENT, Dr. Payal Patel. Dr. Patel prescribed Breo Ellipta, another fluticasone aerosol powder inhalation medication, in addition to the fluticasone that Hild was already taking. Fluticasone, when taken with Norvir, is known to cause Exogenous Cushing syndrome.

¶ 5     At the same time, Hild was being seen by defendants Lakeshore Infectious Disease Associates Ltd. and Dr. James Sullivan. As early as November or December 2017, Dr. Sullivan was aware that Hild was taking both Breo Ellipta and Norvir. Then, on May 1, 2018, Hild presented to Dr. Sullivan with "Cushingoid face," a symptom of Cushing syndrome. In June of 2018, Hild stopped taking the inhalants he had been prescribed by Chicago ENT. From May until December of that year, Dr. Sullivan treated Hild's adverse reaction to the drugs by monitoring his cortisol levels until they returned to normal.

¶ 6     On July 12, 2022, Hild brought suit against defendants, alleging that they provided him with negligent treatment. The circuit court dismissed the claims as untimely. See 735 ILCS 5/2-619(a)(5) (West 2022). On November 16, 2022, Hild died and his brother Kirk Hild was appointed

as special administrator of his estate and became the plaintiff in this case. This timely appeal followed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 7                                         ANALYSIS

¶ 8     Plaintiff argues that the trial court erred in dismissing the complaint as time-barred because Dr. Sullivan continued to see plaintiff until December of 2018. Plaintiff contends that this means that there is an open factual question regarding when the statute of repose began to run. See *Jones v. Dettro*, 308 Ill. App. 3d 494, 498 (1999) ("Generally, the questions of the timeliness of plaintiffs' complaint *** are questions of fact, but they may become questions of law if the crucial facts are undisputed and only one conclusion can be drawn from the undisputed facts."). The trial court's dismissal of a suit as untimely is reviewed *de novo*. *Sauer v. Chicago Transit Authority*, 2023 IL App (1st) 220791, ¶ 17.

¶ 9     The Code of Civil Procedure requires litigants to bring malpractice actions against physicians within "4 years after the date on which occurred the act or omission ***" giving rise to the suit. 735 ILCS 5/13-212(a) (West 2022). This statute of repose bars suits even if a plaintiff has not yet discovered that he has been injured. *Kollross v. Goldstein*, 2021 IL App (1st) 200008, ¶27. However, a plaintiff may pursue a cause of action even if the suit comes more than four years after the inciting negligent act "if she can demonstrate that there was an ongoing course of continuous *negligent* medical treatment." (Emphasis in original.) *Cunningham v. Huffman*, 154 Ill. 2d 398, 416 (1993). This requires a plaintiff to demonstrate; "(1) that there was a continuous and unbroken course of *negligent* treatment, and (2) that the treatment was so related as to constitute one continuing wrong." (Emphasis in original.) *Id.* Plaintiff cannot do so here.

¶ 10    Plaintiff's complaint alleges four acts or omissions giving rise to liability in this case: the defendants (i) "[f]ailed to test Mr. Hild's Cortisol levels, in a timely manner," (ii) "[f]ailed to test Mr. Hild's ACTH levels, in a timely manner," (iii) "[f]ailed to direct Mr. Hild to stop taking Breo Ellipta, in a timely manner," and (iv) "[f]ailed to direct Mr. Hild to take an alternative medication other than Breo Ellipta, when one was available, Beclomethasone, in a timely manner." However, plaintiff's complaint failed to allege that any of these acts or omissions occurred on or after July 12, 2018. Instead, at best, the complaint alleges that defendants acted negligently from November or December 2017 until June 2018, when plaintiff stopped taking Breo Ellipta. The fact that plaintiff stopped taking the medication of his own volition does not affect the statute of repose analysis because, from June 2018 on, the complaint alleges no negligent act or omission by defendants.

¶ 11    Additionally, while it may have been negligent for defendants to fail to monitor plaintiff's cortisol and ACTH levels, once defendants started monitoring these levels in May of 2018, their treatment was no longer negligent. And a physician's nonnegligent treatment of an injured patient after providing negligent treatment does not toll the statute of repose. *Cunningham*, 154 Ill. 2d at 407 ("We also emphasize that there must be a continuous course of *negligent* treatment as opposed to a mere continuous course of treatment." (Emphasis in original.)); see also *Kollross*, 2021 IL App (1st) 200008, ¶ 31 ("the statute of repose[] *** begins to run from the date of the last *negligent* act or omission, regardless of future nonnegligent care or when the patient becomes aware of the negligence." (Emphasis in original.)). Therefore, the statute of repose began to run in May 2018, and plaintiff's July 2022 complaint is beyond the four-year repose period. Accordingly, the trial court did not err in dismissing the complaint as time-barred.

¶ 12                                CONCLUSION

¶ 13    The judgment of the circuit court of Cook County is affirmed.

¶ 14    Affirmed.