577 F.2d 262
 Clifford L. NEEL, Sr., Plaintiff-Appellant,
v.
C. A. REHBERG, Individually and as Sheriff of Thomas County,
Georgia and Carlton Powell, Individually and as
Chief Deputy of Thomas County, Georgia,
Defendants-Appellees.
 No. 78-1332
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 27, 1978.
 Clifford L. Neel, Sr., pro se.
 Altman & McGraw, Harry J. Altman, II, Thomasville, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this action brought under 42 U.S.C. § 1983, Clifford L. Neel, Sr., a Georgia state inmate, seeks injunctive, declaratory, and monetary relief from the sheriff and a deputy sheriff of Thomas County, Georgia, for alleged deprivation of his civil rights. Neel alleges that the defendants (1) refused to arrest certain individuals who allegedly vandalized his property before he was incarcerated in the Thomas County jail, (2) refused to arrest the individual who allegedly shot him before he was incarcerated in the Thomas County jail, (3) refused to provide him allegedly necessary medical services for three months while he was incarcerated in the Thomas County jail, (4) refused to allow him shower privileges for the same three-month period, and (5) refused to allow him telephone and visiting privileges, including the right to consult with an attorney, for the same three-month period. The district court held that the plaintiff's action was time-barred by Ga.Code Ann. § 3-1004, the applicable statute of limitations for Section 1983 actions in Georgia, e. g., Shank v. Spruill, 5 Cir., 1969, 406 F.2d 756, and dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff appeals. We affirm in part and vacate and remand in part.
 
 
 2
 Neel filed his complaint on September 29, 1977. He alleged that he entered the Thomas County jail on July 30, 1975. His first and second allegations, which pertain to the defendants' alleged refusal to arrest certain persons before his incarceration, are therefore time-barred by the two-year statute of limitations prescribed in Ga.Code Ann. § 3-1004. The third, fourth, and fifth allegations, which pertain to his alleged mistreatment while in the Thomas County jail and which allegedly occurred over a three-month period beginning with his incarceration on July 30, 1975, are not time-barred, however. These claims for relief are in the nature of continuing wrongs, Donaldson v. O'Connor, 5 Cir., 1974, 493 F.2d 507, 529, vacated and remanded on other grounds, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), which, according to Neel, continued until October 30, 1975, the end of the three-month period in question. His September 29, 1977 complaint was thus filed within the two-year statute of limitations.
 
 
 3
 Failure to file an action within the time period provided for in the statute of limitations is an affirmative defense, Fed.R.Civ.P. 8(c), and may be raised by a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). A complaint cannot be dismissed, however, "unless it appears beyond doubt that the plaintiff can prove no state of facts in support of his claim that would entitle him to relief." Jones v. Rogers Memorial Hospital, 1971, 143 U.S.App.D.C. 51, 53, 442 F.2d 773, 775. Accordingly, we affirm the district court's dismissal with respect to the first and second allegations, but with respect to allegations three, four, and five, we vacate and remand the case for further proceedings.[1]
 
 
 4
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 In support of his contention that none of his allegations are time-barred, the plaintiff points to Ga.Code Ann. § 3-801, which provides:
 Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons.
 Thus, according to Neel, Georgia statutes of limitation are tolled in the case of persons under legal disability, which includes prisoners. In Heard v. Caldwell, S.D.Ga., 1973, 364 F.Supp. 419, the district court found that the doctrine that a prisoner cannot sue no longer exists in Georgia, and, in any event, that "(b)orrowing the state (statute of limitations) for the purpose of Civil Rights suits does not necessarily carry with it to the federal courts a tolling provision of the state law which has (the) effect" of "impeding or delaying the plaintiff from resort to the federally-created remedy." "The policy and intent of the federal law must be considered in dealing with the state limitation," the court added. 364 F.Supp. at 422. We agree with the district court and find that as a matter of federal law, Ga.Code Ann. § 3-801 does not apply to suits brought pursuant to 42 U.S.C. § 1983. See Mizell v. North Broward Hospital District, 5 Cir., 1970, 427 F.2d 468.