In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2908

Delbert Heard,

Plaintiff-Appellant,

v.

Michael F. Sheahan, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3512--Wayne R. Andersen, Judge.

Submitted May 3, 2001--Decided June 13, 2001


   Before Fairchild, Bauer, and Posner,
Circuit Judges.

   Posner, Circuit Judge.  This prisoner's
civil rights suit under 42 U.S.C. sec.
1983 charges the defendant prison
officials with inflicting cruel and
unusual punishment on the plaintiff by
denying him medical care for his hernia.
The district court held the suit barred
by the two-year statute of limitations
applicable to such suits.

   The plaintiff had been held in the Cook
County jail, awaiting trial, from January
1994 until sometime after June 6, 1996,
and he filed the suit on June 5, 1998. It
was during his confinement in the jail,
months before his release, that he
developed a prominent bulge in his groin
that he suspected was a hernia. The
hernia caused him significant pain,
especially after eating, and caused
numbness in the upper part of his thigh.
After months of unsuccessfully demanding
medical attention, he was finally
examined by a doctor who diagnosed a
ruptured hernia and recommended surgery.
But the jail refused to act on the recom
mendation. All this is according to the
complaint, and may not be true; but in
the posture the case is in we must treat
it as true.

   The district court thought that the

statute of limitations began to run as soon as the plaintiff discovered that he had a medical problem that required attention, and this was more than two years before he sued. We should consider first whether this is an issue of state or federal law. The statute of limitations for suits under section 1983 is supplied by state law--not only the limitations period but also the tolling rules. Wilson v. Garcia, 471 U.S. 261, 275 (1985); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975). Tolling interrupts the statute of limitations after it has begun to run, but does not determine when it begins to run; that question is the question of accrual, Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1991), and in section 1983 suits as in other suits under federal law the answer is furnished by federal common law rather than by state law. E.g., Sellars v. Perry, 80 F.3d 243, 245 (7th Cir. 1996); Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992).

The district court, as we said, thought the date of accrual was when the plaintiff discovered he had a medical problem that required attention. This would be correct if the suit were for medical malpractice. See, e.g., United States v. Kubrick, 444 U.S. 111, 118-24 (1979); Hinkle v. Henderson, 85 F.3d 298, 301 (7th Cir. 1996); Goodhand v. United States, 40 F.3d 209, 212 (7th Cir. 1994); Joyner v. Forney, 78 F.3d 1339, 1341 (8th Cir. 1996). But it is not; malpractice does not violate the Eighth Amendment; instead the suit charges that the defendants inflicted cruel and unusual punishment on the plaintiff by refusing to treat his condition. This refusal continued for as long as the defendants had the power to do something about his condition, which is to say until he left the jail. Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew. A series of wrongful acts creates a series of claims. Palmer v. Board of Education, 46 F.3d 682, 686 (7th Cir. 1995); Webb v. Indiana National Bank, 931 F.2d 434, 438 (7th Cir. 1991); Morton's Market, Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 828 (11th Cir. 1999); Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 522-23

(6th Cir. 1997).

A more difficult question is precisely how far the plaintiff can reach back in seeking to prove liability and estimate damages. He cannot reach back to the first time he noticed the bulge and began to experience pain from it, for remember that his suit is for redress of the deliberate indifference of the defendants, and that could not be thought to begin until the defendants learned that he had a condition warranting medical attention yet unreasonably refused to provide that attention. Until then, the defendants had not violated his rights, and so his claim had not accrued. See, e.g., Dunigan ex rel. Nyman v. Winnebago County, 165 F.3d 587, 591-92 (7th Cir. 1999); White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977); cf. Garrison v. Burke, 165 F.3d 565, 570 (7th Cir. 1999); Galloway v. General Motors Service Parts Operations, 78 F.3d 1164, 1166 (7th Cir. 1996); Saxton v. AT&T, 10 F.3d 526, 532 n. 11 (7th Cir. 1993).

But all the pain after the date of onset, as it were, of deliberate indifference was fair game for the plaintiff's suit, by virtue of the doctrine of "continuing violation" (also referred to as "continuing wrong," "continuing harm," or "continuing tort"). For the general principle see, e.g., Filipovic v. K & R Express Systems, Inc., 176 F.3d 390, 396 (7th Cir. 1999); Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983); Newell Recycling Co. v. EPA, 231 F.3d 204, 206-07 (5th Cir. 2000); Tiberi v. CIGNA Corp., 89 F.3d 1423, 1430-31 (10th Cir. 1996), and for its application to improper withholding of medical attention see Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980), and Neel v. Rehberg, 577 F.2d 262, 263-64 (5th Cir. 1978) (per curiam). This is a general principle of federal common law; it is not anything special to section 1983. See, e.g., Freeman v. Madison Metropolitan School District, 231 F.3d 374, 381 (7th Cir. 2000); Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1st Cir. 1998); Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 481 (3d Cir. 1997).

Some cases say that the doctrine of continuing violation is a tolling doctrine, Davis v. United States Dept. of

Justice, 204 F.3d 723, 726 (7th Cir. 2000) (per curiam); Herman v. National Broadcasting Co., 744 F.2d 604, 607 (7th Cir. 1984); Matson v. Burlington Northern Santa Fe R.R., 240 F.3d 1233, 1236-37 (10th Cir. 2001); Fletcher v. Union Pacific R.R., 621 F.2d 902, 908 (8th Cir. 1980), and if this is right it would, because this is a section 1983 suit, bring Illinois law into play. Illinois has a doctrine of continuing violation, see, e.g., Jones v. Dettro, 720 N.E.2d 343, 346 (Ill. App. 1999); Bank of Ravenswood v. City of Chicago, 717 N.E.2d 478, 484 (Ill. App. 1999), but it is of uncertain scope, see, e.g., River Park, Inc. v. City of Highland Park, 692 N.E.2d 369, 374 (Ill. App.), aff'd in part and rev'd in part, on other grounds, 703 N.E.2d 883 (Ill. 1998); Hertel v. Sullivan, 633 N.E.2d 36, 40 (Ill. App. 1994), which might spell trouble for our plaintiff. But the usual and it seems to us the correct characterization of the doctrine of continuing violation is that it is a doctrine governing accrual, e.g., Wilson v. Giesen, supra, 956 F.2d at 743; Taylor v. Meirick, supra, 712 F.2d at 1118-19; Newell Recycling Co. v. EPA, 231 F.3d 204, 206-07 (5th Cir. 2000); Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1332 (9th Cir. 1996) (per curiam); Page v. United States, 729 F.2d 818, 821 (D.C. Cir. 1984), not a tolling doctrine, because we don't want the plaintiff to sue before the violation is complete. Tolling rules create defenses; they are optional with the plaintiff; he can sue as soon as his claim accrues. We therefore push back the accrual date when, quite independently of the plaintiff's wishes, we want to delay the right to bring suit.

It is doubtful that there is any real disagreement, rather than a merely terminological difference, over the proper characterization of the doctrine of continuing violation. For example, Matson v. Burlington Northern Santa Fe R.R., supra, 240 F.3d at 1237, after stating that the doctrine of continuing violation tolls the limitations period, explains that where the doctrine is applicable "the cause of action accrues at . . . the date of the last injury."

But what exactly is a "continuing violation"? A violation is called "continuing," signifying that a plaintiff

can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct. The injuries about which the plaintiff is complaining in this case are the consequence of a numerous and continuous series of events. See, e.g., M.H.D. v. Westminster Schools, 172 F.3d 797, 804–05 (11th Cir. 1999); Interamericas Investments, Ltd. v. Board of Governors, 111 F.3d 376, 382 (5th Cir. 1997); Sable v. General Motors Corp., 90 F.3d 171, 176 (6th Cir. 1996); Rapf v. Suffolk County, 755 F.2d 282, 292 (2d Cir. 1985); Page v. United States, 729 F.2d 818, 821–22 (D.C. Cir. 1984). When a single event gives rise to continuing injuries, as in Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam), the plaintiff can bring a single suit based on an estimation of his total injuries, and that mode of proceeding is much to be preferred to piecemeal litigation despite the possible loss in accuracy. But in this case every day that the defendants ignored the plaintiff's request for treatment increased his pain. Not only would it be unreasonable to require him, as a condition of preserving his right to have a full two years to sue in respect of the last day on which his request was ignored, to bring separate suits two years after each of the earlier days of deliberate indifference; but it would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them.

In between the case in which a single event gives rise to continuing injuries and the case in which a continuous series of events gives rise to a cumulative injury is the case in which repeated events give rise to discrete injuries, as in suits for lost wages. If our plaintiff were seeking backpay for repeated acts of wage discrimination (suppose that every pay day for five years he had received $100 less than he was entitled to), he would not be permitted to reach back to the first by suing within the limitations period for the last. E.g., Knight v. City of Columbus, 19 F.3d 579, 581–82 (11th Cir. 1994); Pollis v. New School for Social Research, 132 F.3d 115, 119 (2d Cir. 1997); see also Thomas v. Denny's

Inc., 111 F.3d 1506, 1513 (10th Cir. 1997); Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 168 (8th Cir. 1995) (en banc). As emphasized in Pollis, the damages from each discrete act of discrimination would be readily calculable without waiting for the entire series of acts to end. There would be no excuse for the delay. And so the violation would not be deemed "continuing." The present case is different. It would have been impractical to allocate the plaintiff's pain day by day across the period during which medical treatment was delayed by the deliberate indifference of the defendants to his plight.

Numerous cases assume that a federal doctrine of continuing wrongs is indeed applicable to suits under 42 U.S.C. sec. 1983. E.g., Perry v. Sullivan, 207 F.3d 379, 383 (7th Cir. 2000); 287 Corporate Center Associates v. Township of Bridgewater, 101 F.3d 320, 324 (3d Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980); Neel v. Rehberg, 577 F.2d 262, 263-64 (5th Cir. 1978). We agree. We have enough prisoners' suits without having to create incentives to bring multiple suits arising out of the same course of events.

Reversed and Remanded.