Matthew NORVILLE, et al.,
Plaintiffs–Appellants,

v.

DELL CORPORATION, et al.,
Defendants–Appellees.

Nos. 02–3027, 02–3274.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 24, 2003.*

Decided Feb. 26, 2003.

Rehearing and Suggestion for Rehearing
En Banc Denied April 1, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

ORDER

In December 2001, Matthew and Felicia Norville, acting pro se, filed a complaint in the Northern District of Illinois, alleging that in January 1996 the defendants—which include their former landlord Dell Corporation, Kane County, the City of Batavia, and members of the Kane County Sheriff's Department—illegally evicted them from their home, where they lived pursuant to a Department of Housing and Urban Development lease. In the course of the eviction, the defendants and their agents broke through a door and threatened that the Norvilles' children would be taken away if the Norvilles did not vacate the premises. Sheriff's Deputy Rick McKiness then allegedly struck Mr. Norville in the face, cutting him. The Norvilles' complaint seeks monetary damages and an order allowing them to repossess their former home.

After an exchange of motions—during which the Norvilles proffered a copy of the state court judgment authorizing their eviction—the district court construed the Norvilles' complaint as alleging civil rights violations under 42 U.S.C. § 1983 and possible claims for discriminatory housing practices under 42 U.S.C. § 3613. Noting that almost six years had passed since the described events, the district court then granted the defendants' motions to dismiss on statute of limitations grounds. After unsuccessfully seeking leave to amend their already-dismissed complaint, the Norvilles appealed.

■ There are several reasons why this appeal fails. First, to the extent that the Norvilles ask us to review the legality of the state court order resulting in their eviction, the *Rooker–Feldman* doctrine prevents us from doing so; only the United States Supreme Court can directly review state court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Second, to the extent that the Norvilles' complaint alleges that McKiness used excessive force against Mr. Norville, that claim is barred, as the district court held, by the applicable two-year statute of limitations for civil rights claims in Illinois. *See Licari v. City of Chicago,* 298 F.3d 664, 667–68 (7th Cir.2002). Third, the Norvilles neither alleged that the eviction had a discriminatory motive nor filed their complaint within the applicable two-year statute-of-limitations period for claims under § 3613, which provides a civil remedy for discriminatory housing practices. *See* 42 U.S.C. § 3613(a)(1)(A).

■ None of the Norvilles' appellate arguments rebuts the dispositive effect of these issues. The Norvilles first contend that we lack jurisdiction to hear this case because the district court's dismissal order was not final and appealable—a contention attempting, we presume, to preserve the possibility of their amending the complaint. The Norvilles note discrepancies between the district court's order, which "terminat[ed] the case," and the judgment entered pursuant to Federal Rule of Civil Procedure 58, which noted only that "the complaint" had been dismissed. Appeals may, however, be taken from final orders

even in the absence of Rule 58 judgments, *see Otis v. City of Chicago,* 29 F.3d 1159, 1165–66 (7th Cir.1994) (en banc), and we have held that an order is final and appealable—not withstanding language regarding whether a dismissal is "with" or "without" prejudice—if it is plain from the case's posture and the district court's reasoning that the case's trek through the district court is over. *See, e.g., Strong v. David,* 297 F.3d 646, 648 (7th Cir.2002). Here, it is obvious both from the district court's order "terminating the case" and from its statute-of-limitations ruling that the Norvilles' case was ripe for appeal. *See LeBlang Motors Ltd. v. Subaru of America,* 148 F.3d 680, 690 (7th Cir.1998) ("[I]f it is clear that the plaintiff may not start over again with a properly drawn complaint, because of limitations problems or otherwise, the action is treated as final and the order is appealable.") (quotations and citations omitted).

Next, the Norvilles attack the district court's ruling that the statute of limitations has run on any § 3613 claims they might have had. Although their arguments are somewhat hard to follow, they first seem to assert that the statute of limitations has not run because the eviction order obtained by Dell is the invalid product of collusion between Dell's lawyers and the judge who issued the order, and they cite to the Illinois rule that the statute of limitations on actions fraudulently concealed does not expire until five years after the action is discovered. *See* 735 ILCS 5/13–215. Alternatively, they suggest that the statute has not run because Dell continues to violate § 3613 by refusing to let them re-occupy their former home.

▪ Regarding the Norvilles' first argument, the Illinois fraudulent concealment statute does not apply to this case because § 3613 is a federal statute containing an explicit two-year statute of limitations, and the federal courts borrow state statute-of-limitation rules only where a federal statute is silent on that issue. *See Beck v. Caterpillar Inc.,* 50 F.3d 405, 406–07 (7th Cir.1995). Furthermore, even if we generously construe the Norvilles' collusion argument as a claim that Dell should be equitably estopped from asserting the statute-of-limitations defense, the argument still must fail. Plaintiffs cannot equitably estop defendants from raising such a defense if, despite bad conduct on the part of the defendant, the plaintiff could still have obtained the information necessary to file their complaint within the applicable time limit. *See Jackson v. Rockford Hous. Auth.,* 213 F.3d 389, 394 (7th Cir.2000). Here, the Norvilles claim to have known all along of the alleged collusion between Dell's lawyers and the issuing judge; that is why they say they twice appealed the eviction order in the Illinois courts and sought a temporary restraining order against Dell in 1996. There was thus no reason why the Norvilles could not have brought their discrimination claim—assuming they have one—within the applicable two-year limitations period.

With respect to the Norvilles' alternative argument—that Dell continues to violate § 3613 by refusing to let them re-occupy their former home—the complaint quite clearly focuses on the allegedly illegal eviction in January 1996. That eviction was a discrete and specific act for which the Norvilles could have sued immediately; lingering harm does not transform it into a continuing violation. "A violation is called 'continuing... when it would be unreasonable to require or even permit [a plaintiff] to sue separately over every incident of the defendant's unlawful conduct.... When a single event gives rise to continuing injuries ... the plaintiff can bring a single suit based on an estimation of his total injuries....". *Heard v. Sheahan,* 253 F.3d 316, 319 (7th Cir.2001).

There is thus no support for the position that the continuing injuries the Norvilles allegedly suffered after the eviction transformed it and its consequences into a continuing violation. The district court was therefore correct to rule that the statute of limitations has run on any § 3613 claims dating back to the eviction in 1996.

■ The Norvilles' final arguments challenge the district court's refusal to allow them to amend their complaint after it had been dismissed to include the allegations of fraudulent concealment discussed above. Although district courts may allow a complaint to be amended after judgment, the decision whether to do so is left to district courts' discretion. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir.2002). "[I]n this circuit, the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered." *Id.* (quotations and citations omitted). Courts can justifiably refuse to allow amendments to a complaint where the proposed amendments would not cure a statute-of-limitations problem. *Id.* The Norvilles' proposed amended complaint does not cure the statute-of-limitations problems elucidated here, and thus the district court did not abuse its discretion in refusing to accept it. The Norvilles' contentions to the contrary are unpersuasive.

AFFIRMED.