**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2007[*]
Decided April 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-1684

| | |
|---|---|
| DELORES QUINN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>VANESSA HARRIS, *et al.*,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03 C 3600<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Delores Quinn sued various police officers and social workers under 42 U.S.C. § 1983, alleging constitutional violations during her arrest and ensuing three-day detention for child abuse, a charge that was later dismissed. The district court dismissed her claims against several defendants and subsequently granted summary judgment for the remaining defendants after determining that Quinn did not sue within the applicable statute of limitations. Because her claims against all the defendants were untimely, we affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Quinn was living with her paramour when he became a foster father to his great-grandson. Quinn also cared for the child, who most frequently resided with them but occasionally visited his mother, herself a minor living in a foster home. Though the record is sketchy, it appears that in November 2000 the child came to the attention of the Department of Child and Family Services (DCFS). DCFS documented injuries to the child that suggested abuse. Additionally, the child reported to DCFS that his "Grandma" had beaten him. Assuming this reference to mean Quinn, DCFS designated Quinn as a suspected child abuser. This information was accessible to law enforcement, and in December 2000, Officer Teddy Williams of the Chicago Police Department arrested Quinn. She remained in the Cook County Jail from December 17 to December 20. The charges against her were dismissed on May 25, 2001.

Quinn filed her complaint in this case on May 27, 2003. Construed liberally, this complaint and a subsequent amended complaint alleged that: (1) Vanessa Harris, a social worker at DCFS, designated her a suspected child abuser without conducting an adequate investigation that would have confirmed her innocence; (2) Officer Williams arrested her without probable cause, did not advise her of her rights as required under *Miranda v. Arizona*, 384 U.S. 436 (1966), and was "obnoxious" and "unprofessional" during the arrest; (3) the Cook County Department of Corrections (CCDOC) knew that Quinn was diabetic yet refused to provide her with food, water, medication, or medical attention for 35 hours while she was detained, causing her to feel physically weak and to pass out; and (4) the CCDOC subjected her to a humiliating strip search and numerous racial and sexual epithets.

Judge Lefkow dismissed Quinn's claims against Harris on grounds of qualified immunity, against Williams for failure to state a claim, and against the CCDOC because it is not a sueable entity. The judge, however, allowed Quinn's claims against a remaining defendant to continue to discovery. Later, Quinn amended her complaint again to name, among others, defendants Tonia Sappington and Renee Hardimon, officers of the CCDOC.

Eventually, Judge Kennelly, who had taken over the case, granted summary judgment in favor of Sappington and Hardimon because Quinn failed to file her claims within the applicable statute of limitations. He rejected Quinn's argument that the statute should have been tolled because she suffered from post-traumatic stress disorder and was mentally compromised in a way that prevented her from timely filing suit. According to the judge, Quinn's difficulties did not prevent her from managing her affairs or from understanding her legal rights and acting upon them.

On appeal, Quinn reiterates that the statute of limitations should be tolled for her claims because she suffered from post-traumatic stress disorder after her release from jail and also suffered the death of her paramour during that time. She argues that these difficulties amounted to "shock" that made her mentally incapable of pursuing her legal rights during the two years following her detention.

Judge Kennelly correctly found that Quinn's claims were untimely. First, she filed her suit after the statute of limitations had expired. For § 1983 actions in Illinois, the applicable state statute of limitations is two years. *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). The statute begins to run when a plaintiff knew or should have known that his or her constitutional rights had been violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). For Quinn's claims, the statute began to run at the time of her arrest and detention—at the latest, December 20, 2000. *See Wallace v. Kato*, 127 S.Ct. 1091, 1095-96 (2007) (unlawful arrest claims); *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (medical indifference claims). Because her time to file expired no later than December 20, 2002, her May 27, 2003 filing was more than five months late.

Second, Judge Kennelly correctly determined that Quinn's psychological and personal difficulties did not limit her ability to function in a way that would qualify her for tolling. As with the statute of limitations, we apply Illinois's tolling rules to actions under § 1983 in Illinois. *Savory*, 469 F.3d at 672. The pertinent Illinois tolling statute allows for tolling while a plaintiff is under a "legal disability." 735 Ill. Comp. Stat. 5/13-202, 5/13-211. To qualify as having a legal disability, a plaintiff must be "entirely without understanding or capacity to make or communicate decisions regarding [his or her] person and totally unable to manage [his or her] estate or financial affairs." *Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002); *Bloom v. Braun*, 739 N.E.2d 925, 932 (Ill. App. Ct. 2000). As Judge Kennelly pointed out, Quinn could not meet such a requirement because her activities during the two years following her arrest and detention showed that she was not hindered in managing her daily affairs, even if she did suffer from post-traumatic stress disorder. He found that during those two years Quinn: (1) participated in the successful defense of her criminal charges; (2) managed and maintained the home in which she and her partner lived; (3) cared for her partner who suffered from cancer; (4) contacted several political officials and community leaders about her arrest and detention; (5) contacted several attorneys about bringing suit; (6) worked as a nursing assistant; and (7) filed a grievance through her union after being terminated from that job. Given this activity, no reasonable jury could find that Quinn suffered from a legal disability under Illinois law.

Quinn also argues, without legal support, that the district court erred in dismissing her claims as untimely because the statute of limitations did not begin to run until the day she was cleared of criminal charges, May 25, 2001, not the day

she was released from jail, December 20, 2000.  This argument is incorrect for the reasons discussed above.  *See Wallace*, 127 S.Ct. At 1095-96; *Savory*, 469 F.3d at 672; *Heard*, 253 F.3d at 318.

Finally, Quinn generally renews her arguments that Harris, Williams and the CCDOC violated her constitutional rights during her arrest and detention, and thus the district court erred in dismissing her claims against them.  We need not consider these arguments or Judge Lefkow's reasons for dismissing these defendants because our ruling that Quinn's claims are barred by the statute of limitations applies equally to all defendants and is an independent basis for affirming the district court's dismissal.  *See Tricontinental Indus. v. Pricewaterhouse Coopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).

AFFIRMED.