NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012[*]
Decided March 28, 2012

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3323

| | |
|---|---|
| DARRIN GRUENBERG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-749 |
| RICHARD SCHNEITER, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

### O R D E R

Darrin Gruenberg is serving time for burglary. Since entering the Wisconsin Department of Corrections in 1999, he has accumulated more than 230 misconduct reports at 7 different facilities. This lawsuit under 42 U.S.C. § 1983 concerns a stint at the Green Bay Correctional Institution, where Gruenberg forfeited his recreation privileges for almost a year after committing a series of infractions that netted consecutive punishments. He claims that the defendants—a retired DOC administrator, the warden and deputy warden at Green Bay, and the two supervisors who imposed the discipline—subjected him to cruel and unusual punishment by not letting him leave his cell to exercise. The district court granted summary judgment for the defendants.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Gruenberg was housed at Green Bay from February 2008 to February 2010. He was in segregation that entire time and repeatedly was sanctioned for violating prison rules. In March 2009, after Gruenberg had destroyed the intercom in his cell, his recreation privileges were revoked for 60 days. Within a month's time he was disciplined twice more for threatening staff and plugging the toilet in his cell; for those violations he forfeited 60 and 30 days of recreation privileges. The sanctions automatically ran consecutively, as was the policy at Green Bay, and during these 150 days Gruenberg was limited to exercising within the confines of his 7'-3" by 10'-6"cell. In his view, that space is too small for meaningful exercise because of the concrete bed, shower stall, toilet, and sink. Gruenberg was given instructions on exercises he could perform in his cell, and he was allowed access to the law library and medical unit.

These restrictions expired on August 9. Yet by then Gruenberg faced another disciplinary hearing for writing disrespectful statements to the warden. That hearing was conducted on August 10—before the inmates in Gruenberg's cell block had received their turn in the recreation yard—and he forfeited 60 days of recreation privileges as punishment. In the following months Gruenberg was disciplined four more times for cursing and shouting at staff, attempting to steal a guard's keys, and disobeying an order. These incidents prompted further losses of recreation privileges for 60, 60, 60, and 20 days.

Each restriction on out-of-cell recreation was imposed by one of the supervisors Gruenberg named as defendants. He submitted an administrative appeal for all but one of these disciplinary decisions, *see* WIS. ADMIN. CODE §§ 303.75(6), 303.76(7), which the warden or his deputy upheld. Gruenberg also complained, in correspondence and at least one grievance, about the policy at Green Bay of making restrictions on recreation consecutive. Three times he wrote to Richard Schneiter, the DOC administrator who supervised Green Bay's warden and also was responsible for policy development at adult prisons. In May 2009 the warden replied to Gruenberg's first letter by stating that the policy would not be changed. Schneiter answered the next two letters. In June 2009 he noted that Gruenberg had "recently filed an inmate complaint" about the consecutive penalties and said the grievance process was "the appropriate avenue to air your complaints." Then again in September 2009 Schneiter reminded Gruenberg that he had "filed inmate complaints about the same or similar issues in the past" and again counseled that continuing to utilize the grievance process was the best way of presenting his concerns.

Gruenberg was transferred out of Green Bay on February 24, 2010. At the new facility the recreation restriction was discontinued. The day after his transfer, Gruenberg filed a prison grievance, which the DOC calls an "inmate complaint." *See* WIS. ADMIN. CODE § 310.04. He asserted that the year-long deprivation of out-of-cell exercise had caused him to suffer from a number of ailments including headaches, body aches, and depression. The

reviewing official rejected that grievance as untimely, explaining that it relates to events "dating back to 3/12/09" and was not submitted within the 14-day limit "from the date of the occurrence giving rise to the complaint." *See id*. § 310.11(5)(d). Gruenberg sought administrative review, but the decision was upheld.

When Gruenberg filed this lawsuit in August 2010, he attached to his complaint the February 2010 grievance. In moving for summary judgment, the defendants first argued that Gruenberg's lawsuit should be dismissed for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). They explained that Gruenberg had available two routes by which he could have challenged the forfeiture of recreation: First, when he appealed the disciplinary decisions to the warden at Green Bay, he could have argued that the restrictions on recreation were too *harsh* a sanction. *See* WIS. ADMIN. CODE §§ 303.75(6); 303.76(7); *Shaw v. Jahnke*, 607 F. Supp. 2d 1005, 1008–10 (W.D. Wis. 2009). Alternatively, Gruenberg could have used the grievance process to challenge the conditions of his confinement in segregation, including the lack of out-of-cell exercise. *See* WIS. ADMIN. CODE § 310.08(1); *Shaw*, 607 F. Supp. 2d at 1008–10. The defendants admitted that Gruenberg "might" have exhausted the first remedy. But whether he did was "questionable," they insisted, because he didn't explain his assertions in two of the appeals that the recreation deprivation was "unduly harsh and arbitrary" and an "obvious abuse of discretion." As for the second remedy, the defendants pointed to the February 2010 grievance that Gruenberg had attached to his complaint and argued that it was untimely and thus inadequate to satisfy the exhaustion requirement. *See Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). The defendants said nothing, however, about the "inmate complaints" alluded to in Schneiter's correspondence of June and September 2009, nor did they address a second grievance in the record that Gruenberg had submitted in April 2009 complaining about the consecutive denials of recreation.

Following this discussion of § 1997e(a), the defendants went on to argue the merits and ultimately asked for dismissal with prejudice. They noted that punishing misconduct by denying out-of-cell exercise for up to 90 days is presumptively not cruel and unusual, even if further infractions lead to consecutive restrictions. *See Pearson v. Ramos*, 237 F.3d 881, 884–85 (7th Cir. 2001). The defendants acknowledged that depriving inmates of exercise may lead to liability under the Eighth Amendment if health issues result. *See Delaney v. DeTella*, 256 F.3d 679, 683–84 (7th Cir. 2001); *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). But they insisted that Gruenberg could not show that he suffered any physical or psychological harm as a consequence of forfeiting his recreation privileges.

Gruenberg disagreed that he had failed to exhaust, but he offered little evidence backing his assertion that the prolonged deprivation of out-of-cell exercise caused muscle

pain and depression. He submitted evidence that twice at Green Bay he sought medical treatment, but these requests prove nothing. The first time, in October 2009, Gruenberg indeed complained about muscle pain and depression, but no diagnosis was made and no cause determined because he refused to attend the scheduled appointment with medical staff. He again sought psychological services for depression in January 2010, but apparently he never accepted the doctor's offer to meet for counseling. In addition, Gruenberg produced evidence that after leaving Green Bay he requested medication for pain he attributed to the recreation restrictions, but absent from the record is evidence about what, if any, medical treatment he received after making that request.

In granting the defendants' motion, the district court characterized § 1997e(a) as dispositive but nonetheless addressed the merits of the Eighth Amendment claim and dismissed the suit without specifying that the dismissal was without prejudice. *See* FED. R. CIV. P. 41(b); *Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011). The court reasoned that Gruenberg's appeals from the disciplinary decisions had not alerted the warden to the substance of his federal complaint. The court added that the grievance Gruenberg had submitted after leaving Green Bay in February 2010 came too late for prison authorities to take action, yet the court, like the defendants, did not evaluate the grievance Gruenberg had submitted in April 2009. On the merits the court accepted the defendants' premise that there was "nothing inherently unconstitutional in requiring Gruenberg to serve multiple consecutive periods of time without outdoor recreation" and reasoned that Gruenberg never put the defendants on notice of any health issue which might have required suspending the restriction on recreation.

On appeal Gruenberg challenges the district court's analysis on both the issue of exhaustion and on the merits. (He also contends that the court should have found him a lawyer, *see* 28 U.S.C. § 1915(e)(1), but it was not an abuse of discretion for the judge to conclude that Gruenberg is competent to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).) The defendants press the contentions they made in the district court, but they do not insist that we affirm the judgment on the ground of failure to exhaust. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

The failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and at summary judgment the burden was on the defendants to establish the absence of material disputes concerning that defense, *Pavey*, 663 F.3d at 903; *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2006). Yet in their motion for summary judgment the defendants themselves conceded that Gruenberg "might" have satisfied § 1997e(a) by appealing the disciplinary decisions. And though they suggested that Gruenberg's submissions were too sparse to give notice that he objected to the consecutive punishments as being too harsh, the defendants cited no statute, DOC policy, or judicial

decision requiring him to say more than he did: that the consecutive forfeiture of recreation privileges was "unduly harsh." As far as we can tell, Wisconsin imposes no specific requirements for inmate appeals from disciplinary decisions, *see* WIS. ADMIN. CODE §§ 303.75(6), 303.76(7), and thus § 1997e(a) is satisfied if the inmate "alerts the prison to the nature of the wrong," *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). As for the grievance process, even if we accept that the February 2010 grievance came too late, *but cf. Heard v. Sheahan*, 253 F.3d 316, 319–20 (7th Cir. 2001) (discussing doctrine of "continuing violation" in context of § 1983); *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (same), the defendants did not seek to prove (and do not argue here) that Gruenberg's earlier grievance failed to satisfy the exhaustion requirement.

The application of this affirmative defense is thus uncertain, though we don't have to resolve the question because Gruenberg loses on the merits. The defendants and the district court recognized that a deprivation of out-of-cell exercise, even one shorter than the 90-day threshold recognized in *Pearson*, might nonetheless be cruel and unusual if physical or psychological problems arise as a consequence, *see Delaney*, 256 F.3d at 683–84; *Pearson*, 237 F.3d at 884; *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir. 1997); *LeMaire v. Maass*, 12 F.3d 1444, 1457–58 (9th Cir. 1993). Gruenberg asserts that since October 2009 he has suffered from muscle pain and depression, but at summary judgment he presented no admissible evidence tracing these conditions to the exercise restriction. *See Pearson*, 237 F.3d at 886; *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008). We thus conclude that summary judgment was appropriate.

AFFIRMED.