NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted May 30, 2013*
Decided June 3, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3397

DELBERT HEARD,
    *Plaintiff-Appellant,*

*v.*

WILLARD ELYEA,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Southern District of Illinois.

No. 3:09-cv-00449-JPG-PMF
J. Phil Gilbert, *Judge*.

### Order

    Dissatisfied with the medical care he received while in prison, Delbert Heard filed suit under 42 U.S.C. §1983 against multiple state actors, including Willard Elyea, former medical director of the Illinois Department of Corrections. The district court entered summary judgment in Elyea's favor while allowing the suit to proceed against other defendants. 2011 U.S. Dist. LEXIS 116069 (S.D. Ill. June 28, 2011) (recommendation), 2011 U.S. Dist. LEXIS 109585 (S.D. Ill. Sept. 26, 2011) (order adopting recommendation). Eventually all other defendants settled with Heard, making the judgment final with respect to Elyea. Heard then filed this appeal.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Because the district court ruled in Elyea's favor under the statute of limitations, the record contains little evidence about what Elyea is supposed to have done wrong. Elyea was the head of a department, not Heard's treating physician, and §1983 does not authorize vicarious liability against supervisors. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). But we need not consider whether Heard's complaint is compatible with *Iqbal*, because we agree with the district court's conclusion that it is untimely.

Heard had been suffering from two painful hernias for several years when he arrived at Menard Correctional Center in March 2006. The medical staff at Menard declined to authorize surgery until May 2007. The surgeon remarked at the time that an earlier intervention would have been appropriate. Heard filed this suit three days short of two years after the surgery took place—and in Illinois the statute of limitations is two years, tracking the state's general time limit for personal-injury litigation. See *Wilson v. Garcia*, 471 U.S. 261 (1985); 735 ILCS 5/13-202. We assume for current purposes that Heard's claim against the medical staff at Menard accrued on the date of surgery. See *Devbrow v. Kalu*, 705 F.3d 765 (7th Cir. 2013). But Elyea had retired three weeks earlier. The district court concluded that the claim against Elyea accrued no later than his retirement, because thereafter he could not help or hurt any inmate. Heard filed his suit more than two years after Elyea's retirement and so missed the deadline.

Heard invokes what he and the district court called the "continuing violation doctrine", under which misconduct that causes (or fails to solve) a continuing *injury* is treated as if the claim accrues, not with any of the wrongful acts, or with the first manifestation of injury, but with injury's elimination. It is not clear that federal law has such a doctrine—or that, if it once did, the doctrine survived *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), and *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Normally a federal claim accrues when injury begins (or is discovered), not when it ends. See *United States v. Kubrick*, 444 U.S. 111 (1979).

Our pre-*Morgan* decisions discussing the "continuing violation doctrine" recognized that the termination of injury is not the sole trigger for a claim's accrual. We held in *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001), that, even when injury is ongoing, a claim against any particular person accrues immediately when that person loses the ability "to do something about [the plaintiff's] condition". (The plaintiff in this suit was the plaintiff in *Heard v. Sheahan* too.) This means, we concluded in 2001, that, when a person resigns or retires from his public employment, the claim accrues on that date. Accord, *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009); *Hensley v. Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). Heard seeks to distinguish our 2001 decision on the ground that he remained at Menard through the date of surgery, but that's irrelevant to the point of our 2001 decision. Liability is defendant-specific.

Heard is right to observe that a prisoner may have a hard time knowing when supervisors in a state's bureaucracy resign or retire. The fact that a prisoner does not know what, if anything, a supervisor is doing (and therefore cannot tell whether the su-

pervisor has departed) may show that the claim depends on vicarious liability and is barred for that reason. At all events, prisoners need not find out immediately. They have two years from the date a state actor departs to pursue any legal claims they may have. That is an ample opportunity. See *Hall v. Norfolk Southern Ry.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

AFFIRMED