EASTERBROOK, Chief Judge,
concurring.
Although I join the court’s opinion, I think it helpful to elaborate on the limitations issue discussed in Part II.
Turley contends that his suit is timely because the lockdowns constituted a “continuing violation” and the suit was filed within two years of the most recent lock-down. He relies on Heard v. Sheahan, 253 F.3d 316 (7th Cir.2001), which used that phrase, but later decisions such as Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007), and National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), show that some refinement is essential.
That something is continuing could matter to the period of limitations in at least three ways:
• Violations begin and continue, and the prevailing rule treats new acts, or ongoing inaction, as new violations. The eighth amendment creates such a doctrine: failure to treat a significant painful medical condition, with deliberate indifference to the prisoner’s situation, is a form of inaction that offends the Constitution. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The period of limitations runs from each independently unlawful act or failure to act.
• Deeds that are not themselves violations of law become actionable if they add up. This situation was addressed by the hostile-environment part of Morgan, 536 U.S. at 115-21, 122 S.Ct. 2061. One or two offensive remarks do not violate Title VII, but a cascade of remarks over the course of months may do so—and Morgan holds that the period of limitations for a hostile-environment claim runs from the last remark rather than the first.
• A discrete wrongful act causes continuing harm. Morgan and Ledbetter hold that a continuation of injury does not extend the period of limitations. 536 U.S. at 110-15, 122 S.Ct. 2061. Likewise a new discrete violation does not extend the time to sue about an old discrete violation, even if the new violation occurs while the injury from the old discrete violation continues.
Grouping all three of these situations under a single name has the potential for confusion—a potential realized here, where the parties discuss Heard, which deals with the first situation, as if it were an exemplar of the second. And on other recent appeals lawyers have treated continuing injury, the third situation, as if it were the same as ongoing wrongs.
Giving different things different names promotes clarity of thought. The first situation is a genuine continuing violation. The second should be called a cumulative violation. And the third should be labeled a continuing injury.
Lockdowns of 90 days or fewer are not independent violations of the eighth amendment. But lockdowns that cumulate to much longer periods, with only short breaks, may be. This case thus is within the scope of the cumulative-violation doc *655 trine, for the reasons given in Morgan, 536 U.S. at 115-21, 122 S.Ct. 2061. But the fact that Turley may continue to suffer injury from lockdowns has no bearing on the period of limitations.
The court reaches this conclusion, though using different terminology, so I join its opinion.