**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDOLPH GRAHAM,

Plaintiff - Appellant,

v.

KIRK TAYLOR, FRAN LePAGE,
LIGHTCAP (FNU), BINFORD (FNU),
ZIOLKOWSKI (FNU), KIESTER
(FNU), SOSA (FNU), GONZALEZ
(FNU), GALLARDO (FNU), and
ANNA CIODORIA,

Defendants - Appellees.

No. 15-1286
(D.C. No. 1:15-CV-00006-LTB)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Randolph Graham, a state prisoner appearing *pro se*,[1] appeals the district court's *sua sponte* dismissal of his civil rights case against various Colorado correctional officers as frivolous. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. Background

Graham is a prisoner of the State of Colorado. On January 2, 2015, he filed a 42 U.S.C. § 1983 civil action, which, liberally construed, alleges three constitutional claims: (1) Appellees violated Graham's right of access to the courts by denying his request to use the prison law library; (2) Appellees violated his right of access to the courts by refusing to provide him a grievance form so he could report the incident; and (3) Appellees racially discriminated against him in their distribution of grievance forms. Graham's complaint makes apparent the relief he requests concerns events that occurred from July 2011 to January 2012.

Because Graham filed his case *in forma pauperis* (IFP), and consistent with its screening obligation under 28 U.S.C. § 1915, the district court ordered Graham to show cause why his case should not be dismissed as untimely. Graham responded to the order and also filed an amended complaint, setting forth the same factual allegations. In a written order, the district court concluded

---

[1] We construe *pro se* filings liberally. *Standifer v. Ledezma*, 635 F.3d 1276, 1277 n.1 (10th Cir. 2011).

Graham's claims were barred by the applicable statute of limitations and dismissed his complaint as frivolous under § 1915(e)(2)(B)(i).

## II.  Analysis

"[W]e review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding."  *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).  We review frivolous determinations for abuse of discretion.  *Fratus v. Deland*, 49 F.3d 673, 674 (10th Cir. 1995).

Federal courts in IFP cases "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it is "based on an indisputably meritless legal theory" or founded on "clearly baseless" factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Moreover, if the allegations, taken as true, show the requested relief is barred by the statute of limitations, dismissal for failure to state a claim is proper.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  The statute of limitations defense, however, must be "patently clear from the face of the complaint" or "rooted in adequately developed facts."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation omitted).

The statute of limitations for § 1983 actions is borrowed from state statute.  *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  In Colorado, the

relevant statute prescribes a two-year statute of limitations for federal civil rights actions. Colo. Rev. Stat. § 13-80-102(1). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus*, 49 F.3d at 675 (citation omitted).

Graham does not dispute that the conduct he alleges is unlawful occurred outside the two-year limitations period. Instead, he asserts the nature of his claims alters the applicable period. First, Graham argues his conspiracy claim under 42 U.S.C. § 1985(3) is not subject to the two-year limitations. As an initial matter, Graham has not pleaded a conspiracy claim. In his 20-page complaint, he references § 1985 twice in passing and never mentions the word "conspiracy." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (conclusory allegations of a conspiracy will not suffice). Nonetheless, even if pleaded, § 1985(3) conspiracy claims are subject to the same two-year statute of limitations. *See Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010) (collecting cases) ("For conspiracy claims under § 1985(3), courts have also applied the forum state's personal-injury statute of limitations."). And, as Graham alleges, the last act of the purported conspiracy occurred in January 2012, which is outside the limitations period. Therefore, whether Graham actually pleaded a § 1985(3) claim does nothing to alter the fact that his claims are untimely.

-4-

Second, Graham relies on the continuing violation doctrine, which permits courts to consider continuing wrongs as a whole, "so long as an injurious act falls within the statute of limitations period." *Burkley v. Corr. Healthcare Mgmt. of Okla., Inc.*, 141 F. App'x 714, 716 (10th Cir. 2005) (citations omitted). Even if we accept Graham's invocation of the doctrine,[2] Graham has failed to allege any unlawful conduct by Appellees that occurred two years prior to his filing of this case (*i.e.*, post-January 2013). Accordingly, it is patently clear from Graham's complaint that his claims are barred by the statute of limitations and the district court's dismissal was warranted.

Graham lastly challenges the district court's characterization of his claims as frivolous. Although the district court indicated it was dismissing Graham's complaint under § 1915(e)(2)(B)(i)'s frivolous standard, instead, the court appears to have dismissed the complaint because Graham failed to state a timely claim for relief—that is, under the § 1915(e)(2)(B)(ii) standard. Importantly, here, the district court's characterization of the standard for dismissal is not dispositive.[3] We therefore conclude Graham's complaint was properly dismissed

---

[2] This court has never formally adopted the continuing violation doctrine for § 1983 actions. *Canfield v. Douglas Cnty.*, 619 F. App'x 774, 778 (10th Cir. 2015) ("[T]his court has never held that the continuing-violation doctrine applies to § 1983 cases.").

[3] A federal court shall dismiss an IFP case if the action is frivolous *or* the plaintiff fails to state a claim for relief. § 1915(e)(2)(B)(i)–(ii). And either ground for dismissal subjects the IFP plaintiff to a "strike" under § 1915(g).

because he failed to state a claim not otherwise barred by the statute of limitations.

Because we conclude Graham's complaint fails to state a claim for relief, *see* § 1915(e)(2)(B)(ii), we impose a strike against him under the Prisoner Litigation Reform Act (PLRA). § 1915(g). In addition, because of the frivolity of Graham's appeal, we impose a second strike. *Jennings v. Natrona Cnty. Det. Ctr.*, 175 F.3d 775, 780–81 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). We remind Graham that if he accrues three strikes, he may not proceed IFP in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

We also deny Graham's request to proceed IFP on appeal because he has failed to advance a reasoned, nonfrivolous argument in support of the issues raised. Therefore, he must pay the balance of the appellate filing fee immediately.

## III. Conclusion

We AFFIRM the district court's dismissal of Graham's § 1983 action because he failed to state a timely claim for relief and DISMISS his appeal. We also DENY Graham's request to proceed IFP and impose two strikes against him

under the PLRA.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge