**Keith V. GOSSELIN, Plaintiff–Appellant,**

v.

**Sgt. KAUFMAN; Officer Gonzalez; Sharon Philips, Defendants–Appellees.**

No. 15–1484

United States Court of Appeals, Tenth Circuit.

FILED July 19, 2016

need not address them. Her affidavit spoke only to this issue.

Keith V. Gosselin, Canon City, CO, Pro Se.

Robert Charles Huss, Esq., Office of the Attorney General for the State of Colorado, Denver, CO, for Defendants–Appellees.

Before KELLY, McKAY, and MORITZ, Circuit Judges.*

### ORDER AND JUDGMENT **

Paul J. Kelly, Jr., Circuit Judge

Plaintiff–Appellant Keith Gosselin, a pro se state prisoner, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action. Gosselin v. Kaufman, No. 15–cv–00539–MEH, 2015 WL 7293211 (D. Colo. Nov. 18, 2015). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### Background

Mr. Gosselin alleges that Defendants violated his Eighth Amendment rights while he was a prisoner incarcerated in the San Carlos Correctional Facility (SCCF) of the Colorado Department of Corrections (CDOC), where Defendants worked. According to Mr. Gosselin, Defendant Sergeant Kaufman kicked him in the groin while in his cell and Defendant Officer Gonzalez negligently failed to prevent the assault. Mr. Gosselin also alleges that Defendant Sharon Philips, the medical pro-

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fessional at the prison, failed to provide adequate medical care for his injuries.

Mr. Gosselin sued the Defendants, both in their official and individual capacities, seeking declaratory, injunctive, and monetary (compensatory and punitive damages) relief as well as fees. Defendants filed a motion to dismiss his amended complaint based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A magistrate judge, hearing the matter by consent of the parties, granted the motion, holding that Eleventh Amendment immunity protected the Defendants from suit in their official capacities and limitations barred the remaining claims against Defendants in their individual capacities. Gosselin v. Kaufman, No. 15–cv–00539–MEH, 2015 WL 7273229 (D. Colo. Nov. 18, 2015). Mr. Gosselin timely appeals.

### Discussion

We review dismissal under both Rule 12(b)(1) and Rule 12(b)(6) de novo. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1294 (10th Cir. 2003). We construe a pro se plaintiff's pleadings liberally, but may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks and citation omitted).

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a court to dismiss a complaint for "lack of subject-matter jurisdiction." Motions to dismiss under this rule constitute either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). When, as here, the motion is a facial

attack, we presume all well-pleaded factual allegations in the complaint to be true. Id.

The Eleventh Amendment provides immunity to states and state agencies from suit in federal court unless the state has waived such immunity. Johns v. Stewart, 57 F.3d 1544, 1552 (10th Cir. 1995). A suit against state officials in their official capacities is considered a claim against the state, and thus likewise barred. Id. To the extent Mr. Gosselin seeks money damages or a declaration that his rights were violated, his claims against Defendants in their official capacities are barred by sovereign immunity. Id. at 1553.

Eleventh Amendment immunity, however, does not prevent a plaintiff from obtaining prospective enforcement of his federal rights. Id. at 1552 (citing Ex parte Young, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). In his amended complaint, Mr. Gosselin asserted that Defendant Philips was deliberately indifferent to his continued medical needs in violation of the Eighth Amendment. Am. Compl. at 19 (I R. 78). As relief, he requested "an injunction ordering defendant Philips, or C.D.O.C. agents to arrange for the plaintiff to be evaluated by a medical practicioner [sic] with expertise in the treatment of testicular injuries." Id. at 23 (I R. 82). The Eleventh Amendment does not bar this claim seeking prospective relief. However, as explained below, this claim and the claims against Defendants in their individual capacities are barred by the statute of limitations.

### B. Rule 12(b)(6)

Rule 12(b)(6) allows a court to dismiss a case for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). Though limitations is an affirmative defense, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The personal injury statute of the state in which the federal district court sits determines the limitation period for § 1983 suits. Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). The general limitation for personal injury claims in Colorado is two years from when the action accrues. Colo. Rev. Stat. § 13–80–102. Federal law establishes when the claim accrues and when the limitations period begins to run. Mondragon, 519 F.3d at 1082. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks and citation omitted).

■ Mr. Gosselin alleges the incident in his cell occurred on October 22, 2012. He saw Defendant Philips on October 23, 2012, with a follow up visit on October 28, 2012. Mr. Gosselin filed his complaint on March 16, 2015, well beyond the two-year limitation period, but argues equitable tolling should apply. Under Colorado law, equitable tolling is applicable when (1) "defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner" or (2) "truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." Noel v. Hoover, 12 P.3d 328, 330 (Colo.

App. 2000). Mr. Gosselin alleges that he received multiple threats from Defendants that prevented him from bringing suit until he was transferred to a new facility. But this argument is undercut by the fact that Mr. Gosselin did actually attempt to gain legal representation and file a lawsuit, though he was unsuccessful, and even after he was transferred beyond the reach of defendants, he waited four months to finally bring his suit. We have considered Mr. Gosselin's other arguments for tolling the limitations period, and even construing these arguments liberally, we agree with the district court and find no exceptional circumstances to justify tolling the statute of limitations.

■ Mr. Gosselin seems to also bring a continuing violation claim for Defendant Phillips's alleged deliberate indifference. Because we have never formally adopted the continuing violation doctrine for § 1983 actions, see Graham v. Taylor, 640 Fed. Appx. 766, 769 n. 2 (10th Cir.2016), Defendant Phillips is entitled to qualified immunity on this claim. See Pearson v. Callahan, 555 U.S. 223, 236–37, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (explaining government officials are protected by qualified immunity if the right allegedly violated was not clearly established).

AFFIRMED. We grant IFP status and remind the plaintiff that he remains obligated to pay the full filing fee. All remaining pending motions are denied.