In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 01-4270

JAMES CLARK,

*Plaintiff-Appellant*,

*v.*

THE CITY OF BRAIDWOOD,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 5323—**Suzanne B. Conlon**, *Judge.*

_____

ARGUED DECEMBER 10, 2002—DECIDED FEBRUARY 7, 2003

_____

Before FLAUM, *Chief Judge*, and POSNER and WILLIAMS,
*Circuit Judges*.

FLAUM, *Chief Judge*. The district court dismissed James
Clark's complaint on the ground that it facially showed
noncompliance with the limitations period, and Clark
appeals. We vacate the judgment and remand for further
proceedings.

## I. BACKGROUND

Clark owns a 37-acre parcel of land in Will County,
Illinois, on which he had planned to build a single-fam-
ily residential development. Sometime in 1997 the City

of Braidwood ("City") authorized a competing developer to install sewer and water pipes on the land. Clark says that as a result he is unable to install pipes of his own, rendering development of the land impossible and causing a devaluation of $800,000.

In July 2001 Clark sued the City under 42 U.S.C. § 1983, alleging that "in or about 1997, the Defendant City knowingly and intentionally authorized a competitor of the Plaintiff to install sewer and water pipes to serve another development, 'Lighthouse Cove,' with sewer and water, along and upon the Plaintiff's property and easement, which sewer and water pipes were so installed." Clark claimed that the City's action violated his due process and equal protection rights. He also claimed that the City violated rights conferred on him by Illinois law.

The City moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the ground that Clark's § 1983 claim was barred by the applicable statute of limitations. In his response to the motion to dismiss, Clark maintained that the City's action constituted a continuing trespass that served to postpone the running of the limitations period. The district court disagreed, however, and granted the motion to dismiss. It concluded that the continuing trespass doctrine did not save Clark's claim because "installation of an unauthorized water and sewer system on one's property surely should put the injured party on immediate notice of harm and a cause of action. It is true that the pipes continue to exist on Clark's land, but the . . . lingering effect of an unlawful act is not itself an unlawful act . . . so it does not revive an already time-barred illegality."

Clark moved for reconsideration under Fed. R. Civ. P. 59(e) or alternatively for leave to amend the complaint, renewing his argument that the City's action was a continuing violation. He further alleged that "[i]t is not clear

from the present pleading dismissed that the Plaintiff would have known, in 1997, that there was a trespass instigated upon his property in that the land was pled as vacant property for development and the great bulk of the trespass was, necessarily, underground and not patently obvious." Based on this, Clark argued that "there could well be the application of equitable tolling as to any applicable Statute of Limitations." In his memorandum supporting the motion to reconsider, Clark also seemed to assert that the discovery rule could potentially postpone the running of the limitations period: "It is not apparent under the present pleading that the Plaintiff knew or should have known of his injury in 1997, or at anytime outside of the applicable limitations period; an action does not commence the period of limitations until there is 'accrual,' or a date not on which the wrong occurred, but upon which the Plaintiff discovers he has been injured. . . . Here, the land was vacant, the trespass underground and Plaintiff would not necessarily have known of the trespass until he began to develop that land himself."

The district court denied the motion to reconsider without addressing equitable tolling or the discovery rule. Instead, the court found that Clark's motion "simply reargue[d] his response to the motion to dismiss and fail[ed] to proffer an amended complaint that would cure the fatal defects of [the § 1983 claim]."

## II. ANALYSIS

The limitations period for § 1983 cases in Illinois is two years. *Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 2002). Clark complains of events that took place "in or about 1997," but he did not file this suit until 2001. Thus, at first glance his complaint appears to be about two years untimely.

Clark, however, advances several lines of argument that he believes could potentially rescue his suit. First, he reasserts his theory that the City's action is a "continuing violation" that therefore amounts to a fresh wrong each day. Clark cites a number of Illinois cases in support of this claim, but we have said that the doctrine of continuing violation is one governing accrual, not tolling, and is therefore governed by federal law. *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). And under federal law, the continuing violation doctrine does not save an otherwise untimely suit when "a single event gives rise to continuing injuries" because in such a case "the plaintiff can bring a single suit based on an estimation of his total injuries." *Id.* That is precisely the situation here. Clark alleges one discrete incident of unlawful conduct—the installation of the pipes on his land. That the alleged trespass is, by Clark's description, "permanent" does not convert that discrete act into one long continuing wrong. *See Pitts v. City of Kankakee*, 267 F.3d 592, 595-96 (7th Cir. 2001) (doctrine of continuing violation did not apply to claim that the city violated plaintiffs' constitutional rights by placing signs on their land; at the moment the city posted each sign, plaintiffs knew they had suffered an injury and nothing new happened thereafter to change the nature of the injury).

Clark also contends that, because the trespass was not "readily apparent," the doctrine of equitable tolling could potentially save his claim. The City responds that equitable tolling cannot apply because "no averment in the complaint supports Clark's contention that the City was guilty of fraudulent concealment warranting the application of equitable tolling." This is wrong, both because a plaintiff is not required to negate an affirmative defense in his complaint, *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), and because equitable

tolling does not assume any blameworthy conduct by the defendant (as opposed to equitable estoppel, which does), *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Nonetheless, we are uncertain whether Clark can ultimately benefit from equitable tolling. First of all, in § 1983 cases it is the *state* doctrine of equitable tolling that governs, *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001), and it remains unsettled whether the doctrine exists in Illinois. Moreover, we question whether Clark has confused equitable tolling with the discovery rule. Clark's basic position is that he did not have knowledge of his injury until the limitations period had already lapsed. But equitable tolling assumes that the plaintiff *knows* he has been injured; the limitations period is tolled, however, if he cannot obtain information necessary to file suit. *Cada*, 920 F.2d at 451.

It seems, therefore, that what Clark wants to rely on is the discovery rule, which postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured. *Id.* at 450. The City contends that the discovery rule does not save Clark's suit because his "complaint is wanting for any reasonable inference triggering the application of the discovery rule or otherwise resulting in a tolling of the limitations period." But again, a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint. And though a plaintiff can plead himself out of court if he alleges facts that affirmatively show that his suit is time-barred, *Tregenza*, 12 F.3d at 718, that is not what we have here. Clark's complaint states that the City violated his constitutional rights "in or about 1997," but it is silent as to the date of discovery.

Clark could have spared everyone this appeal if he had just alleged a specific date of discovery in his reply to the motion to dismiss or in his motion to reconsider. Then,

if the City still wanted to plead the statute of limitations, it would have moved for summary judgment, and the issue would have come to us with a more complete factual record. But at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 80 (7th Cir. 1992), and that possibility exists. Clark's motion to reconsider, though not exactly artful, made reasonably clear that he was trying to allege that he did not learn of his injury until some point outside of the limitations period, perhaps because, as he clarifies on appeal, he did not try to develop the land before then. If Clark can prove his allegation and also show that a reasonable person would not have discovered the injury earlier, he would have a defense to the time bar. Dismissal under Rule 12(b)(6) was therefore premature. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (vacating Rule 12(b)(6) dismissal where plaintiff alleged (seemingly for the first time on appeal) that he did not have all the information required to bring suit within limitations period); *Early*, 959 F.2d at 80 (finding dismissal premature where plaintiff could prove a set of facts that would show that the untimeliness of his suit was due to wrongful acts of defendant).[1]

## III. CONCLUSION

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

---

[1] Because Clark's complaint is not deficient on its face, we need not consider his alternative argument that the district court should have given him the opportunity to file an amendment.

No. 01-4270 7

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*