In the

# United States Court of Appeals
### For the Seventh Circuit

———————————

No. 23-3167

JAMES REILLY,

*Plaintiff-Appellant,*

*v.*

WILL COUNTY SHERIFF'S OFFICE and MICHAEL KELLEY, Will County Sheriff,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:23-cv-02411 — **Robert W. Gettleman**, *Judge.*

———————————

ARGUED NOVEMBER 6, 2024 — DECIDED JULY 8, 2025

———————————

Before BRENNAN, KOLAR, and MALDONADO, *Circuit Judges.*

MALDONADO, *Circuit Judge.* Deputy James Reilly alleges that his employer, the Will County Sheriff's Office, and his boss, Sheriff Michael Kelley, retaliated against him in violation of the First Amendment. Reilly contends that Sheriff Kelley passed him over for promotion to sergeant because he criticized the sheriff while running against him in the county sheriff election. The defendants moved to dismiss Reilly's

complaint, arguing that it was untimely because Reilly filed the complaint over two years after his eligibility for a promotion expired. The district court agreed that Reilly was out of time, granted the defendants' motion to dismiss, and entered judgment in their favor. Reilly requested that the district court set aside its judgment under Federal Rule of Civil Procedure 59(e) and allow him to amend his complaint. The district court denied leave to amend, believing that Reilly needed to present extraordinary circumstances to justify relief and failed to do so.

In reaching its conclusion, the district court mistakenly applied a heightened standard to Reilly's Rule 59(e) motion, requiring Reilly to present extraordinary circumstances instead of applying the liberal standard for amending pleadings. The court further erred in denying Reilly's request for leave to amend his complaint. We conclude that Reilly's proposed amended complaint states a plausible claim upon which relief may be granted, and that he has not pled himself out of court based on the statute of limitations. In doing so, we do not preclude the defendants from raising the statute of limitations defense later in the case on a more complete factual record. We therefore vacate the judgment of the district court and remand the case for further proceedings.

## BACKGROUND

### I.    Facts

James Reilly joined the Will County Sheriff's Office as a deputy in 2013. With a background in law enforcement, Reilly's performance was very strong, and he was named Deputy of the Year in 2016.

Looking to take his career to the next level, in February of 2017, Reilly announced his campaign for Will County Sheriff in the upcoming 2018 election. Reilly's opponent in the election was his boss, Sheriff Michael Kelley, who was first elected as the county sheriff in 2014. During Reilly's campaign, he publicly criticized Sheriff Kelley and his performance as sheriff. Reilly's campaign proved unsuccessful, and Kelley won the 2018 election.

Before the election, in late 2017, Reilly took an exam to determine his eligibility for promotion to sergeant. But passing the exam was just one factor for Reilly's eligibility; the promotion decision was ultimately up to Sheriff Kelley. Reilly finished at the top of his class on the exam and was placed first on the "Sergeant Promotional List," meaning that not only was Reilly eligible for a promotion to sergeant, but he was also considered one of the most fit to be promoted. Reilly, however, was never selected for the promotion.

To better understand the central dispute of this case, background on the promotion process is necessary. The Merit Commission, a five-person body which oversees the promotion process, "certifies" the Sergeant Promotional List. According to the Commission's rules, the sheriff can select any deputy listed on the Sergeant Promotional List for promotion regardless of exam scores. If, however, Sheriff Kelley selected a candidate for promotion who ranked lower than the first three individuals on the list, he was required to justify this decision to the Merit Commission in writing. Conversely, if Sheriff Kelley selected any of the first three candidates, he was not required to provide any explanation for his decision.

Between November 11, 2018, and July 26, 2019, while Reilly was eligible for a promotion, five other candidates were

promoted to sergeant. At the time of their promotions, each of the candidates was ranked as one of the top three on the promotional list, meaning they were presumptively qualified for the promotion and Sheriff Kelley was not required to explain his decisions.

Reilly ran for Will County Sheriff again in the 2022 election. During this campaign, in July of 2022, Sheriff Kelley stated publicly that he had not promoted Reilly to sergeant because of Reilly's criticism during the 2018 campaign, adding: "Why would I promote him? Who would do that?" Sheriff Kelley was reelected later that year.

## II.    Procedural History

On April 18, 2023, about nine months after Sheriff Kelley's statement about refusing to promote Reilly, Reilly filed this lawsuit against Kelley and the Sheriff's Office, bringing one claim for First Amendment retaliation under 42 U.S.C. § 1983.[1] Reilly alleges that Sheriff Kelley and the Sheriff's Office retaliated against him for criticizing Sheriff Kelley during Reilly's first campaign by failing to promote him to sergeant.

The defendants moved to dismiss Reilly's complaint under Federal Rule of Civil Procedure 12(b)(6). Rather than argue that Reilly's complaint failed to state a claim, they raised the affirmative defense that Reilly's claim was barred by the

---

[1] Reilly conceded below that naming both Sheriff Kelley and the Will County Sheriff's Office as defendants was duplicative because Reilly brought his claim against Sheriff Kelley in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Because the Will County Sheriff's Office entered an appearance on appeal, we refer to it with defendant Kelley collectively as "defendants." On remand, the district court should dismiss the Sheriff's Office as a party and update the caption accordingly.

two-year statute of limitations applicable to his § 1983 claim. The defendants argued that Reilly knew of his injury no later than November of 2019, over two years before he brought his claim.

In opposing the motion to dismiss, Reilly argued that he could not have known that his constitutional rights were violated until Sheriff Kelley's public remarks on July 13, 2022. Reilly further contended that if he had brought his case before Sheriff Kelley made the public statements, his claim would have been overly speculative and would not have survived dismissal.

The district court agreed with the defendants that Reilly's claims were untimely and granted the motion to dismiss with prejudice. Relying on our decision in *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264 (7th Cir. 1995), the district court explained that Reilly's injury accrued when he was passed over for promotion, which occurred at least five times between 2017 and 2019. The court thus found that Reilly's claim accrued no later than November of 2019, and his April 2023 complaint was therefore brought outside the two-year statute of limitations. The district court found no ground for equitable tolling because it concluded that a reasonable person in Reilly's position would have believed that he was not promoted because of his protected activity.

In granting the defendants' motion to dismiss, the district court took the unusual step of simultaneously entering final judgment in favor of the defendants, thereby precluding Reilly from filing an amended complaint. Accordingly, Reilly filed a motion under Rule 59(e) to alter or amend the judgment and for leave to file an amended complaint under Rule 15(a)(2), with a proposed amended complaint attached. Reilly

asserted that new allegations in his proposed amended complaint cured any defect in his original complaint and demonstrated that his claim was timely. Specifically, he pointed to new allegations that the other deputies who were promoted were presumptively qualified, that those promotions complied with the Merit Commission's rules, and that the last promotion of another deputy occurred over two years after Reilly announced his first candidacy. Reilly therefore argued that he had no reason to suspect a constitutional injury.

The district court denied Reilly's 59(e) motion and request for leave to file an amended complaint. In declining to set aside the judgment, the court found that Reilly had failed to clearly establish that the court committed a manifest error of law or fact, or that newly discovered evidence precluded entry of judgment. The court also concluded that the new allegations in Reilly's proposed amended complaint were premised on information Reilly already had but failed to present in responding to the defendants' motion to dismiss. Accordingly, the court denied Reilly's Rule 59(e) motion and motion for leave to file an amended complaint.

## DISCUSSION

Reilly appeals the district court's denial of his Rule 59(e) motion.[2] We hold that the district court abused its discretion by applying a heightened standard in denying Reilly's Rule

---

[2] For purposes of our review, the district court's ruling on Reilly's Rule 59(e) motion merges with its prior order granting defendants' Rule 12(b)(6) motion. *See Banister v. Davis*, 590 U.S. 504, 509 (2020). But because Reilly does not raise on appeal any argument challenging the district court's order dismissing his original complaint, we do not independently review that order.

59(e) motion. We further conclude that Reilly's proposed amended complaint is legally sufficient because, at this stage, we cannot hold as a matter of law that it is barred by the relevant statute of limitations.

## I. Reilly's Rule 59(e) Motion

At the outset of our analysis, a few words are necessary to address the unique procedural posture of this case.

In the usual course, a plaintiff whose complaint has been dismissed at the pleading stage should be given at least one opportunity to amend. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015); *see also* Fed. R. Civ. P. 15(a) ("The court should freely grant leave when justice so requires."). But when a district court enters a final judgment of dismissal, amendment of the complaint under Rule 15 is not available unless the judgment is set aside or modified under Rule 59(e). *Id.* at 521. We review a district court's decision on a Rule 59(e) motion for abuse of discretion. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

Relief under Rule 59(e) is generally reserved for "extraordinary cases," *Runnion*, 786 F.3d at 521, and for a motion to be successful, the movant must clearly establish: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life*, 722 F.3d at 954. But when, as here, a district court dismisses a complaint with prejudice and is confronted with a Rule 59(e) motion to set aside the judgment, the district court "must still apply the liberal standard for amending pleadings under Rule 15(a)(2)" and "need not find other

extraordinary circumstances" to grant the relief requested. *Runnion*, 786 F.3d at 521.

In denying Reilly's Rule 59(e) motion, the district court failed to consider our instructions in *Runnion*. Because the court entered judgment at the same time it granted the defendants' 12(b)(6) motion, it should have applied the liberal standard for amending pleadings and did not need to find extraordinary circumstances in order to grant Reilly's requested relief.

The district court relied on our decision in *Environmental Barrier Co., LLC v. Slurry Systems, Inc.*, to conclude that the new allegations added to Reilly's proposed amended complaint were insufficient to qualify as newly discovered evidence and denied relief under Rule 59(e) on this basis. 540 F.3d 598, 608 (7th Cir. 2008). But this Court reviewed the denial of a Rule 59 motion in *Environmental Barrier* under much different circumstances. There, we reviewed the district court's order denying the plaintiff's Rule 59 motion to set aside an arbitration award on the grounds that newly discovered evidence came to light after the award was entered. *Id.* The district court reviewed the newly discovered evidence and determined that it had no effect on the propriety of the arbitration award, and we affirmed on those grounds. *Id.* at 608–09. Here, by contrast, there was no "newly discovered evidence" to put forward after final judgment was entered; Reilly simply should have been given an opportunity to cure any perceived defects in his complaint. *Runnion*, 786 F.3d at 523 ("[A] plaintiff who receives a Rule 12(b)(6) motion and who has good reason to think the complaint is sufficient may … choose to stand on the complaint and insist on a decision without losing the benefit of the well-established liberal

standard for amendment with leave of court under Rule 15(a)(2).") . Reilly only filed a Rule 59(e) motion because the district court simultaneously entered judgment with its order granting the motion to dismiss. We have said that "a district court cannot nullify the liberal right to amend under Rule 15(a)(2) by entering judgment prematurely at the same time it dismisses the complaint that would be amended." *Runnion*, 786 F.3d at 522. Thus, the more liberal standard set forth in *Runnion* must apply here.

The district court applied the wrong standard in deciding Reilly's Rule 59(e) motion and therefore abused its discretion in denying the motion. But to determine the practical effect of this abuse of discretion, we must answer whether Reilly's proposed amended complaint states a claim such that the lawsuit can proceed. We find that it does.

## II.    Reilly's Proposed Amended Complaint

Our analysis of whether Reilly's amended complaint is legally sufficient is guided by Federal Rule of Civil Procedure 8(c)(1), which makes clear that an affirmative defense should be raised in a responsive pleading. Typically, affirmative defenses, like timeliness, are not properly resolved at the pleading stage. *Vasquez v. Indiana Univ. Health, Inc.*, 40 F.4th 582, 588 (7th Cir. 2022).

Plaintiffs are not required to anticipate or refute potential affirmative defenses in the complaint. *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022). In the "rare" circumstance in which the complaint pleads facts that conclusively establish that the plaintiff's claim is time-barred, dismissal at the pleading stage can be appropriate. *Id.* But because timeliness issues are heavily fact-dependent, those

questions are best left for summary judgment or trial so that the court may rule on them with a complete factual record. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). It follows that a claim will survive dismissal "[a]s long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense …." *Id.*

Denials of leave to amend are typically reviewed for abuse of discretion. *Runnion*, 786 F.3d at 524. But when the basis for denial is futility, as is the case here, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim. *Id.* (citing *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997)). Effectively, we are reviewing Reilly's proposed amended complaint for legal sufficiency de novo. *Id.*

A complaint should only be dismissed at the pleading stage with prejudice if the court is "*certain*" from the facts alleged that any amendment would be futile. *Id.* at 520. Here, the district court found that this was one of the rare circumstances where Reilly had pleaded himself out of court by alleging facts that established that his claim was time-barred. But in reviewing Reilly's proposed amended complaint, we are not certain that amendment would be futile.

The parties do not dispute that the relevant statute of limitations for Reilly's § 1983 claim is two years. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Federal law governs the accrual date for a § 1983 claim, which begins when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Id.* This is a fact-intensive inquiry "in which both the surrounding circumstances and the claims

plaintiff [himself] is trying to raise are critical." *Id.* at 697 (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)).

For a plaintiff bringing a First Amendment retaliation claim, the claim accrues, and the statute of limitations begins to run, "'immediately after the retaliatory act occurred' … so long as the plaintiff 'knows or should know that his or her constitutional rights have been violated ….'" *Towne v. Donnelly*, 44 F.4th 666, 671 (7th Cir. 2022) (quoting *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016)).

The defendants contend that Reilly should have known his constitutional rights were violated when he was passed over for promotion no less than five times. Defendants rely on *Thelen*, which the district court also relied on in dismissing Reilly's complaint. 64 F.3d 264 (7th Cir. 1995). We held in *Thelen* that the statute of limitations for the plaintiff's ADEA claim began to run when he was terminated, and not when he discovered that a younger employee took over his job duties. *Id.* at 267. Reasoning by analogy, the defendants argue that Reilly should have known he was injured at the time he was passed over for promotion and he had engaged in a protected activity by criticizing Sheriff Kelley. In other words, the defendants contend that Reilly already had sufficient information to know that he was injured by November 2019, not when Sheriff Kelley later publicly stated his unlawful motive.

Reilly argues that this case is more like *Hileman*. There, the plaintiff, who was running for office, did not know that phony absentee ballots voting for her opponent had been commingled with valid ones, and therefore counted in the election, even after the police had alerted her to the existence of the phony ballots. *Hileman*, 367 F.3d at 695. The plaintiff brought a § 1983 claim against the county clerk alleging constitutional

violations. *Id.* at 696. We reversed the district court's dismissal of the complaint on statute of limitations grounds and concluded that a reasonable plaintiff could have believed that once the police discovered the ballots, the situation would have been resolved. *Id.* at 697–98. But because of an "inexplicable decision" to return the ballots to the county clerk, the phony ballots were still counted. *Id.* at 698. The plaintiff therefore could not reasonably have known that she suffered a constitutional injury until she was made aware of the commingling, which occurred within the statute of limitations. *Id.*

Reilly argues that he similarly did not know, and could not have known, that Sheriff Kelley's failure to promote him was retaliatory until Sheriff Kelley admitted so. Reilly emphasizes the amended complaint's allegations that all five of the candidates promoted to sergeant between 2017 and 2019 were among the top three on the promotional list, meaning Sheriff Kelley was not required to justify their promotion. Further, "none of the promotions were close in time to Reilly's protected speech," and Reilly understood that one of the candidates was a "personal friend" of Sheriff Kelley's.

This case falls somewhere between *Thelen* and *Hileman*, but closer to *Hileman*. The defendants' argument that Reilly should have suspected a potential constitutional violation when he was not selected for promotion is viable. But so is Reilly's argument that he did not have sufficient information to bring his lawsuit at the time. Perhaps Reilly is an optimistic sort and to punish him for not jumping to the worst-case scenario for his lack of promotion would be unreasonable on the part of this Court. From the limited factual record before us, we cannot conclude, as a matter of law, that Reilly was on sufficient notice that he may have suffered a constitutional

injury. Because the amended complaint pleads that Sheriff Kelley followed the appropriate procedures, was not required to justify his decisions, and that the promotions were not suspiciously close in time to Reilly's speech, it may have been reasonable for Reilly to believe there was nothing improper about the decision not to promote him.

For these reasons, the allegations in Reilly's proposed amended complaint at the very least state a plausible claim that a reasonable person would not have known of a potential constitutional injury until Sheriff Kelley admitted to his retaliatory motive. *See Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (holding that if the plaintiff could prove that a reasonable person would not have discovered the injury earlier, he would have a defense to the timeliness defense raised by the defendant). Accordingly, Reilly's proposed amended complaint states a claim, and dismissal on statute of limitations grounds was premature.

To be sure, defendants are not precluded from raising timeliness as a defense in the future on a complete factual record. Reilly, similarly, is not precluded from raising other responses to the statute of limitations defense, such as the doctrine of equitable tolling.

## CONCLUSION

The district court applied the wrong standard in reviewing Reilly's Rule 59(e) motion to set aside its judgment dismissing Reilly's complaint. Reilly's proposed amended complaint states a claim, and, on the limited facts before us, we cannot with certainty hold that his claim is time-barred. The final judgment of the district court is therefore VACATED,

and the case is REMANDED for further proceedings consistent with this opinion.